LoriNG, J.,
delivered the opinion of the court:
This case conies before the court upon a demurrer to the petition, which sets forth that the petitioner is the executrix of Henry L. Harvey, who was a clerk in the Navy Department, at a salary of $1,200 per year, previous to and in April, 1847. That at about that time he was designated by the order of the Navy Department to examine and settle the accounts of officers of the navy employed in the war with Mexico who had received or collected moneys arising from levies and military contributions in that country under orders from President Polk.
And the petition specially sets forth that orders were issued, at the instance of the President, by the heads of the War and Navy Departments, respectively, to the effect that such clerks as were necessary should he appointed in each of these departments, that the said accounts might he properly audited and settled, and the balances found due paid into the public treasury.
The petition then avers that Mr. Harvey was assigned to that duty in the Navy Department, and performed it. It also shows by exhibits annexed to it and made a part of it, that Mr. McPherson, a clerk in the War Department, was paid for such services by an order directed by the President and made by Mr. Marey, Secretary of War, August 31, 1848, and authorizing Mr. McPherson to retain out of any moneys that might come into his hands, of the military contributions collected in Mexico, a salary at the rate of $1,600 per year, subject, however, to refund so much thereof as Congress should appropriate for his salary as clerk in the War Department; and that John P. Wolf was appointed a clerk in the War Department at a compensation of $1,000 per year, for the performance of the like duties.
It is claimed for the petitioner that the order of President Polk, requiring the heads of departments “to appoint clerks to audit and settle the Mexican contribution accounts, was an executive regulation, and this claim is thence derived, and is therefore expressly provided for by the act of Congress establishing this court;” and then it is said that such a claim does not come within the prohibitory clauses of the acts of August 28, 1842, and! August 26, 1842.
The act of Congress establishing this court gives it jurisdiction of claims arising under a regulation of an executive department, but that jurisdiction is to be exercised according to and subject to the laws of •the United States, to which also all regulations of an executive department are subject, and if the order referred to was a regulation of an executive department, we know of no reason and of no authority *42 which could remove it, or any claims under it, from the operation of the statutes cited.
But we think the order referred to is not “ a regulation of an executive department.” Those words describe rules and regulations relating to the subjects on which a department acts, and are made by its head under an act of Congress conferring that power, and thereby giving to such regulations the force of law; such as the rules and regulations of the Treasury Department for carrying, into effect the revenue laws, for the warehouse system, for the prevention of smuggling, for commercial intercourse with the rebel States, &c. But the subject of the Mexican contributions was regulated by the statute of March 3,1849, (9 Stat., p. 413,) and is not left to the regulations of an executive department; and the order in question was merely a matter of the internal police of the Secretary’s office in Washington, assigning to its clerks their duties. It provided, no salary or extra compensation for them beyond their pay as fixed by law; and if it had, the provision would have been void under the statutes of 1842.
Then the petitioner claims compensation under the act of March 3, 1849. That act is entitled “An act to provide for the settlement of the accounts of public officers who may have received moneys arising from military contributions or otherwise in Mexico,” and its only provision for compensation of services is in its 6 th section, which authorizes officers who have received such moneys to retain so much' of the money so received as, in the opinion of the President, may be a fair compensation for their services. To “ retain,” an officer must first receive, and we- think the act confines its compensation to such officers as were employed in collecting moneys in Mexico, and keeping them when collected, and bore that duty and responsibility, and had no reference to the clerks in the departments in Washington who audited the accounts of such officers.
We think, therefore, the petitioner has no claim under the act of March 3, 1849, and we think that he is barred of all claim for the services stated by the acts of August 23 and 26, 1842, for the reasons set forth in the cases of Stansbury v. The United States, 1 C. Cls. R., p. 123, and Wilson v. The United States. Id , p. 206.
Demurrer is sustained.