## GIBSON *v.* PETERS.

ERROR. TO THE CIRCUIT COURT OF. THE UNITED STATES FOR THE EASTERN DISTRICT OF VIRGINIA.

No. 61. Argued November 2, 1893. — Decided November 13, 1893.

The receiver of a national bank is an officer and agent of the United States within the meaning of those terms as used in Rev. Stat. § 380, providing that all suits and proceedings arising out of the provisions of law governing national banking associations, in which the United States or any of its officers or agents are parties, shall be conducted by the District Attorneys of the several districts, under the direction and supervision of the Solicitor of the Treasury.

If a District Attorney of the United States, acting under the provisions in Rev. Stat. § 380, conducts a suit or proceeding arising out of the provisions of law governing national banking associations, he is entitled to no remuneration other than that coming from his salary, from the compensation and fees authorized to be taxed and allowed, and such additional compensation as is expressly allowed by law, specifically, on account of services named.

·THE plaintiff in error brought this action against the defendant in error as receiver of the Exchange National Bank of Norfolk, to recover the value of legal services alleged to have been rendered, or offered to be rendered, by him as United States District Attorney in a certain suit brought in the name of that receiver against one R. H. McDonald, which suit was subsequently, in August, 1885, dismissed on motion of the receiver as settled.

Pursuant to a written stipulation of the parties, the case was heard by the court without a jury. Judgment was rendered for the defendant in conformity with the opinion of the Circuit Judge. 35 Fed. Rep. 721, 729; 36 Fed. Rep. 487. The case is before this court upon a certificate of division of opinion.

There was evidence, on behalf of the plaintiff, as to the extent and value of the services rendered, or offered to be rendered, by him as United States District Attorney. The defendant introduced evidence tending to show that the plaintiff had neither rendered, nor been requested by the receiver to render, any services in the action against McDonald; that by direction of the Comptroller of the Currency the receiver employed other counsel; that the plaintiff's present claim had never been presented to the Treasury Department, nor been allowed by the Comptroller of the Currency; and that he had not been directed by the Solicitor of the Treasury to render the alleged services.

The following are the questions upon which the judges were divided in opinion:

1st. Whether the United States District Attorney is entitled by virtue of his office to appear and act as counsel for the receiver of a national bank in collecting its assets and winding up its affairs without the request or consent of said receiver, and without the direction of the Solicitor of the Treasury?

2d. Whether, conceding his right so to appear, and he does so appear of his own motion, he is entitled to any extra compensation beyond that prescribed by law for his official services?

3d. Whether, conceding his right so to appear, and act, he is entitled to any extra compensation beyond that provided by law for his official services, except such as the Comptroller of the Currency may allow after his claim therefor has been presented to the Treasury Department, according to the provisions of section 299 of the Revised Statutes?

4th. Whether the United States District Attorney, whose official service had been tendered to such receiver and declined by him for the reason that he had employed other counsel acting under the directions of the Comptroller of the Currency and Solicitor of the Treasury, is entitled to extra compensation for such offer of services, whether the service was rendered by the District Attorney or not?

5th. Whether, conceding his right so to receive extra com-

pensation when he has offered to appear and act as official counsel without the request or consent of the receiver, is such compensation payable out of the assets of the bank in the hands of the receiver or out of the funds provided by law for the payment of District Attorneys for their official services?

*Mr. Robert M. Hughes* for plaintiff in error.

*Mr. L. T. Michener* and *Mr. T. S. Garnett,* (with whom was *Mr. W. W. Dudley* on the brief,) for defendant in error.

MR. JUSTICE HARLAN, after stating the case, delivered the opinion of the court.

It is provided by section 380 of the Revised Statutes of the United States, that all suits and proceedings arising out of the provisions of law governing national banking associations, in which the United States or any of its officers or agents are parties, shall be conducted by the District Attorneys of the several districts under the direction and supervision of the Solicitor of the Treasury.

The suit brought against McDonald was one arising out of the provisions of the act of Congress governing such associations, and the receiver in whose name it was instituted was an officer and agent of the United States within the meaning of the above section. *Kennedy v. Gibson,* 8 Wall. 504; *Price v. Abbott,* 17 Fed. Rep. 506; *Frelinghuysen v. Baldwin,* 12 Fed. Rep. 395; *Hendee v. Connecticut &c. Railroad,* 26 Fed. Rep. 677; *Pacific Bank v. Mixter,* 114 U. S. 463.

But the important inquiry is whether a District Attorney is entitled to special compensation for services rendered by him in a suit of the class mentioned in section 380.

The appellant's contention is that he is entitled to reasonable compensation, to be paid from the funds in the hands of the receiver, under that clause of the statute relating to the dissolution and receivership of national banking associations, which provides that all expenses of any receivership shall be paid out of the assets of such association before distribution of the proceeds thereof. Rev. Stat. § 5238.

Section 770 of the Revised Statutes fixes the sum which a District Attorney is entitled to receive on account of salary.

Sections 823 to 827, inclusive, prescribe certain fees that may be taxed and allowed to attorneys, solicitors, and proctors in the courts of the United States, to District Attorneys and to other officers. Those sections are as follows:

"SEC. 823. The following and no other compensation shall be taxed and allowed to attorneys, solicitors, and proctors in the courts of the United States, to district attorneys, clerks of the circuit and district courts, marshals, commissioners, witnesses, jurors, and printers in the several States and Territories, except in cases otherwise expressly provided by law. But nothing herein shall be construed to prohibit attorneys, solicitors, and proctors from charging to and receiving from their clients, other than the government, such reasonable compensation for their services, in addition to the taxable costs, as may be in accordance with general usage in their respective States, or may be agreed upon between the parties.

"SEC. 824. On a trial before a jury, in civil or criminal causes, or before referees, or on a final hearing in equity or admiralty, a docket fee of twenty dollars: *Provided*, That in cases of admiralty and maritime jurisdiction, where the libellant recovers less than fifty dollars, the docket fee of his proctor shall be but ten dollars. In cases at law, when judgment is rendered without a jury, ten dollars. In cases at law, when the cause is discontinued, five dollars. For *scire facias*, and other proceedings on recognizances, five dollars. For each deposition taken and admitted in evidence in a cause, two dollars and fifty cents. For services rendered in cases removed from a District to a Circuit Court by writ of error or appeal, five dollars.

"For examination by a District Attorney, before a judge or commissioner, of persons charged with crime, five dollars a day for the time necessarily employed. For each day of his necessary attendance in a court of the United States on the business of the United States, when the court is held at the place of his abode, five dollars; and for his attendance when the court is held elsewhere, five dollars for each day of the

term. For travelling from the place of his abode to the place of holding any court of the United States in his district, or to the place of any examination before a judge or commissioner, of a person charged with crime, ten cents a mile for going and ten cents a mile for returning. When an indictment for crime is tried before a jury and a conviction is had, the District Attorney may be allowed, in addition to the attorney's fees herein provided, a counsel fee, in proportion to the importance and difficulty of the cause, not exceeding thirty dollars.

"SEC. 825. There shall be taxed and paid to every District Attorney two per centum upon all moneys collected or realized in any suit or proceeding arising under the revenue laws, and conducted by him, in which the United States is a party, which shall be in lieu of all costs and fees in such proceeding.

"SEC. 826. No fee shall accrue to any District Attorney on any bond left with him for collection, or in a suit commenced on any bond for the renewal of which provision is made by law, unless the party neglects to apply for such renewal for more than twenty days after the maturity of the bond.

"SEC. 827. When a District Attorney appears by direction of the Secretary or Solicitor of the Treasury, on behalf of any officer of the revenue in any suit against such officer, for any act done by him, or for the recovery of any money received by him and paid into the Treasury in the performance of his official duty, he shall receive such compensation as may be certified to be proper by the court in which the suit is brought, and approved by the Secretary of the Treasury."

Another section authorizes just and suitable compensation to be made to District Attorneys in prize causes. Rev. Stat. § 4646.

The above provisions must, however, be construed in connection with sections 1764 and 1765, which are as follows:

"SEC. 1764. No allowance or compensation shall be made to any officer or clerk, by reason of the discharge of duties which belong to any other officer or clerk in the same or any other department; and no allowance or compensation shall be made for any extra services whatever, which any officer or

clerk may be required to perform, unless expressly authorized by law.

" SEC. 1765.. No officer in any branch of the public service, or any other person whose salary, pay, or emoluments are fixed by law or regulations, shall receive any additional pay, extra allowance, or compensation, in any form whatever, for. the disbursement of public money, or for any other service or duty whatever, unless the same is authorized by law, and the appropriation therefor explicitly states that it is for such additional pay, extra allowance, or compensation."

. It ought not to be difficult under any reasonable construction of these statutory provisions to ascertain the intention of Congress. A distinct provision is made for the salary of a District Attorney, and he cannot receive, on that account, any more than the statute prescribes. But the statute is equally explicit in declaring, in respect to compensation that may be "taxed and allowed," that he shall receive no other than that specified in §§ 823 to 827 inclusive, " except in cases otherwise expressly provided by law." It, also, declares that no officer in any branch of the public service shall receive any additional pay, extra allowance, or compensation, in any form whatever, for any service or duty, unless the same is expressly authorized by law, or unless the appropriation therefor explicitly states that it is for such additional pay, extra allowance, or compensation. No room is left here for construction. It is not expressly provided by law that a District Attorney shall receive compensation for services performed by him in conducting suits arising out of the provisions of the national banking law in which the United States or any of its officers or agents are parties. Without such express provision, compensation for services of that character cannot be taxed, allowed, or paid. Nor can the expenses of the receivership be held to include compensation to the District Attorney for conducting a suit in which the receiver is a party, for the obvious reason that the statute does not expressly provide compensation for such services. Congress evidently intended to require the performance by a District Attorney of all the duties imposed upon him by law, without any other remuneration than .

that coming from his salary, from the compensation or fees authorized to be taxed and allowed, and from such other compensation as is expressly allowed by law specifically on account of services named.

Nothing in the last clause of § 823 militates against this view. On the contrary, the proper interpretation of that clause supports the conclusion we have reached. Its principal object was to make it clear that Congress did not intend to prohibit attorneys, solicitors, and proctors, representing individuals in the courts of the United States, from charging and receiving, in addition to taxable fees and allowances, such compensation as was reasonable under local usage, or such as was agreed upon between them and their clients. But to prevent the application of that rule to the United States, the words "other than the government" were inserted. The introduction of those words, in that clause, emphasizes the purpose not to subject the United States to any system for compensating District Attorneys except that expressly established by Congress, and, therefore, to withhold from them any compensation for extra or special services, rendered in their official capacity, which is not expressly authorized by statute. Whatever legal services were rendered or offered to be rendered by the plaintiff in the McDonald suit were rendered or offered to be rendered by him as United States District Attorney, and in that capacity alone. As such officer he is not entitled to demand compensation for the services so rendered or offered to be rendered

What we have said is a sufficient answer to the questions certified, and requires an affirmance of the judgment.

*Affirmed.*