Peelle, J.,
delivered tbe opinion of the court:
This action is prosecuted to recover for services renderea by tbe claimant as a member of examining boards of surgeons under Bevised Statutes, section 4775, while at the same time bolding and receiving the salary of the office of assistant medical referee in tbe Pension Bureau.
Bevised Statutes, section 4775, is as follows:
u Examining surgeons duly appointed by the Commissioner of Pensions, and such other qualified surgeons as may be employed in the Pension Office, may be required by him, from time to time, as he deems for the interests of the Government to make special examinations of pensioners, or applicants for pension, and such examinations shall have precedence over previous examinations, whether special or biennial; but when injustice is alleged to have been done by an examination so ordered, the Commissioner of Pensions may, at bis discretion, select a board of three duly appointed examining surgeons, who shall meet at a place tq be designated by him, and shall review such cases as may be ordered before them on appeal from any *409 special examination, and tbe decision of sncb board shall be final on tbe question so submitted thereto, provided tbe Commissioner approve tbe same. Tbe compensation of each of such surgeons shall be three dollars, and shall be paid out of any appropriations made for tbe payment of pensions, in tbe same maimer as tbe ordinary fees of appointed surgeons are or may be authorized to be paid.”
It was conceded by both parties on tbe trial of this case, and is so set forth in their respective briefs, that tbe duties of tbe assistant medical referee are to assist tbe medical referee,whose duties are defined in Eevised Statutes, section 4776, as follows:
“ Tbe Secretary of tbe Interior is authorized to appoint a duly qualified surgeon as medical referee, who, under the control and direction of tbe Commissioner of Pensions, shall have charge of tbe examination and revision of tbe reports of examining surgeons and such other duties touching medical and surgical questious in tbe Pension Office as tbe interests of tbe service may demand, and bis salary shall be two thousand five hundred dollars per annum. And tbe Secretary of tbe Interior is further authorized to appoint such qualified surgeons (not exceeding four) as tbe exigencies of the service may require, who may perform tbe duties of examining surgeons when so required, and who shall be borne upon tbe rolls as clerks of tbe fourth class; but such appointments shall not increase tbe clerical force of said Bureau.”
Tbe theory and contention of tbe claimant is that be was bolding two distinct offices with compatible duties, each duly authorized by law, with fixed compensation, while tbe defendants contend that tbe claimant was not appointed or commissioned on tbe several boards of examining surgeons, but was ordered or detailed by the Commissioner of Pensions as assistant medical referee, to render assistance to such boards within tbe line of bis official duties, and that payment for such services is prohibited by Eevised Statutes, sections 1763, 1764, and 1765. Assuming, as contended by tbe claimant, that be was acting under tbe provisions of section 4775 instead of under section 4, Act of Juhj 25,1882 (22 Stat. L., 175), what was bis status 1 Under tbe first clause of Eevised Statutes, section 4775, tbe claimant, as assistant medical referee, could have been required by the Commissioner of Pensions to make special examination of pensioners, or applicants for pension, without other compensation than bis regular salary; and it is only where injustice is alleged to have been done by such special examinations that tbe Commissioner of Pensions may within bis *410 discretion select a board of three duly appointed examining surgeons to review such cases. The language of the section is that “the Commissioner of Pensions may, at his discretion, selecta board of three duly appointed examining surgeons.” This clearly means that the board selected shall be from the duly appointed examining surgeons outside of the Pension Office, .and not from the qualified surgeons who may be employed in the Pension Office, so that it is questionable whether the claimant could, under that section, have been made a member of such board, except in the line of his official duty, and especially since it is the duty of the medical referee and the assistant, under Revised Statutes, section 4776, to examine and revise the reports of such examining surgeons; and clearly Congress never intended that the medical referee or his assistant should sit in review orrevision of their own examinations and reports; so that, whatever connection the claimant may have had with said board as a member thereof or otherwise, must have been within the line of his official duty.
The findings show that the claimant was not only the president and acting secretary of the several examining boards, but that he drafted all the reports of such reexaminations and personally submitted them to the Commissioner of Pensions, who approved the same without further examination or revision in the Pension Office, thereby showing that the services which the claimant rendered were within the line of his duties as assistant medical referee, otherwise such reports would, under section 4776, have undergone examination and revision in the medical referee’s office before being approved by the Commissioner.
The authority conferred on the Commissioner of Pensions by the first clause of section 4775, to require examining surgeons appointed by him or other qualified surgeons in the Pension Office to make special examinations as there set forth, was evidently given for the purpose of guarding against fraud or mistake in the examinations of pensioners, and that fraud or mistake may be inquired into and guarded against the medical referee or the assistant may be required by the Commissioner of Pensions from time to time to make special examinations of pensioners or applicants for pensions; and it is provided that “ such examinations shall have precedence over previous examin ations, whether special or biennial; ” “ but when inj ustice *411 is alleged to bave been done by an examination so ordered, tbe Commissioner of Pensions may, at bis discretion, select a board of three duly appointed examining surgeons,” etc., to review such cases. Tbe first clause of tbe section seems to be for tlie protection of tbe United States, while tbe second is clearly for the benefit aud protection of the' pensioner.
Tbe findings show that tbe claimant, as “ assistant medical referee,” was made a member of three separate examining boards by order or by detail from tbe Commissioner of Pensions; but conceding that be could lawfully be made a member of said boards, under said section, by such order or detail, it does not follow that be would be entitled to recover, as tbe duties performed by him as a member of said examining boards were within tbe line of bis official duties as assistant medical referee within tbe meaning of section 4776, wherein it is provided that he “shall bave charge of tbe examination and revision of the reports of examining surgeons and such other duties touching medical and surgical questions in tbe Pension Office as tbe interests of tbe service may demand.” And being “under tbe control and direction of tbe Commissioner of Pensions,” tbe Commissioner, when be ordered or detailed tbe claimant as a member of said boards, thereby determined that it was for tbe “interest of tbe service” that be should act with said examining boards.
Tbe examinations and review of cases by said boards, for which compensation is sought, were of pensioners, or applicants for pension, who bad previously been examined and who were aggrieved and bad complained to tbe Commissioner of Pensions, as set forth in tbe findings, in conformity with section 4775; so that tbe services to be and that were thereafter performed by tlie claimant thereby became “other duties touching medical and surgical questions in tbe Pension Office” which be could be required to perform in “tbe interest of tbe service” without additional compensation.
' Tbe reports of tbe examining surgeons, together with complaints made by those examined, were presumably before tbe Commissioner of Pensions, and it was made tbe duty of tbe medical referee and tbe assistant to examine and revise such reports. That tbe claimant might tbe better perform bis duties “touching medical and surgical questions” which bad arisen .in tbe Pension Office over such reports, he was, as *412 assistant medical referee, by order or by detail from tbe Commissioner of Pensions, made a member of said examining boards. The claimant performed the services for which he was detailed or ordered, and his actual expenses were paid by the defendants in addition to his fixed salary of $2,250 per year.
Such expenses are only paid, as the court is advised, to those who receive fixed salaries, so that the claimant, by accepting his actual expenses, correctly interpreted the law against his right to recover in this action. The claimant was not holding-two distinct offices, as contended by him, but he was holding merely the office of assistant medical referee, and.as such officer performed, without other appointment or commission, the additional service required of him by the Commissioner of Pensions, for which no additional or extra compensation is provided by law, and the case therefore comes within the inhibition of Eevised Statutes, sections 1764 and 1765, as well as section 3, Act June 20, 1874 (1 Supp. Rev. Stat., 2d ed., p. 18).
In speaking of section 1765, it was said in Hoyt v. United States (10 How., 109, 141), “ It cuts up by the roots these claims by public officers for extra compensation on the ground of extra service. There is no discretion left in any officer or tribunal to make the allowance unless it is authorized by some law of Congress. The prohibition is general, and applies to all public officers, or quasi public officers, who have a fixed compensation.” In United States v. Saunders (120 U. S., 126, 129), it was said concerning these sections, “ the purpose of this legislation was to prevent a person holding an office or appointment, for which the law provides a definite compensation by way of salary or otherwise, which is intended to cover all the services which, as such officer, he may be called upon to render, from receiving extra compensation, additional allowances, or pay for other services which may be required of him either by act of Congress or by order of the head of his Department, or in any other mode, added to or connected with the regular duties of the place which he holds; but that they have no application to the case of two distinct offices, places, or employments, each of which has its own duties and its own compensation, which offices may both be held by one person at the same time.”
It would be difficult to formulate stronger or more explicit *413 language in tbe interpretation of statutes than that used in the two cases cited.
It was certainly never intended by Congress, when they enacted sections 4775 and 4776, that the medical referee or his assistant, whose salaries are fixed by law, should be entitled to “ receive any additional pay, extra allowance, or compensation in any form whatever” for services rendered by them within the line of their official duties. It is nowhere expressly provided by law that the assistant medical referee shall receive any compensation additional to his regular salary for services rendered by him on an examining board of surgeons, and without such express provision of law no compensation can be allowed, as was held in the case of Gibson v. Peters (150 U. S., 342, 347).
The claimant has cited the cases United States v. Brindle (110 U. S., 688); Meigs v. United States (19 C. Cls. R., 497); Saunders v. United States (21 C. Cls. R., 408); Collier v. United States (22 C. Cls. R., 125); but inasmuch as they are to the effect that where the duties of two distinct offices, authorized by law, with fixed compensation, are not incompatible, they may be held by the same person, as held in United States v. Saunders (supra), we need not examine them further, as the claimant in this case did not hold two distinct offices,, but the duties performed by him as a member of the examining boards was as assistant medical referee, under the order or detail of the Commissioner of Pensions, and such duties were within the line and scope of his official duties and incident thereto, however he may have acted on said boards, for which he was paid his actual expenses and his salary as such assistant medical referee, and therefore he is not entitled to any additional compensation or extra pay for such services.
This question was fully considered in- the Perry Case (28 C. Cls. R., 483), where the authorities are collected and considered, and also in the succeeding case of Cole (id., 501).
The petition is dismissed.