[No. 572.   November 1, 1894.]

JOHN M. SCHOFIELD, RECEIVER OF ALBUQUERQUE
NATIONAL BANK, PLAINTIFF IN ERROR, v. MON-
TAGUE STEPHENS AND ARTHUR S. BURR,
DEFENDANTS IN ERROR.

COURTS—DISTRICT COURTS FOR THE COUNTIES—JUDICIAL DISTRICT
COURTS—JURISDICTION.— The "district courts for the counties,"
organized under the acts of the territorial legislature pursuant to
authority given by section 1874, Revised Statutes of the United
States, authorizing the judges of the supreme court of the territory to
hold courts within their respective districts to hear all causes, except
those in which the United States is a party, and the "judicial district
courts," organized under section 1910, Revised Statutes of the United
States, providing that each of the district courts in the territory shall
have the same jurisdiction in causes arising under the laws of the
United States as is vested in the United States circuit and district
courts, have concurrent jurisdiction in a cause brought by the receiver
of a national bank.

ERROR, from a judgment in favor of defendants,
dismissing the cause for want of jurisdiction, to the
Fifth Judicial District Court.   Judgment reversed,
with instructions to reinstate the cause.

W. B. CHILDERS for plaintiff in error.

The facts are stated in the opinion of the court.

It is not contended that the special grant of juris-
diction under section 1910, Revised Statutes of the
United States, conferred general chancery and common
law jurisdiction exercised by United States circuit and
district courts in cases between citizens of different
states.   Such jurisdiction is not vested in the territorial
courts.   New Orleans v. Winter, 1 Wheat. 91; Barney
v. Baltimore, 6 Wall. 280; Hornbuckle v. Toombs, 18
Wall. 650.

Here the jurisdiction depends on the subject-mat-
ter, and it is this jurisdiction that section 1910 confers
on the district courts of the territories, which it declares

"shall have and exercise the same jurisdiction in all cases arising under the constitution and laws of the United States as is vested in the circuit and district courts of the United States." N. P. R. R. Co. v. Garland, 3 Pac. Rep. (Montana) 134, and cases cited. See, also, U. S. v. Bissell, 19 Id. 252; Ex parte Kongres, Id. 441; 1 Wash. Ter. Rep. 262; Chouteau v. Rice, 1 Minn. 192; Beebe v. U. S., 11 N. W. Rep. 509; Murphy v. Murphy, 25 N. W. Rep. 806.

The distinction between jurisdiction under section 1868 and section 1910, Revised Statutes of the United States, is clear. Snow v. U. S., 18 Wall. 32; Beebe v. v. U. S., supra; Hornbuckle v. Toombs, 18 Wall. 648. See, also, Ex parte Cooper, 143 U. S. 472.

As to when a case arises under the laws of the United States there can be no doubt that all corporations created by the United States are entitled to sue in the federal courts. Pacific Removal Cases, 115 U. S. 11. See, also, N. P. R. R. v. Amito, 144 U. S. 465; Southern Kansas R'y Co. v. Briscol, Id. 133; T. P. R'y Co. v. Cox, 145 Id. 593.

Although state and federal courts had concurrent jurisdiction of them prior to the act of July 12, 1882, and under the national banking act, national banks could bring their suits in the United States courts, and could remove suits against them into the federal courts. Leather Mfs. Bank v. Cooper, 120 U. S. 778; County of Wilson v. National Bank, 103 U. S. 770.

The act of 1882, and the act of August 13, 1888, expressly took away the jurisdiction of the United States over national banks, as corporations created under the federal law (Supp. Rev. Stats. [2 Ed.] 354, 611); but the courts have expressly held that these statutes left the jurisdiction of the United States, of suits brought by the receiver, as an officer of the United States, unimpaired. Kennedy v. Gibson, 8 Wall. 498. See, also, Gibson v. Peters, 150 U. S. 342, and cases

cited; Price v. Abbott, 17 Fed. Rep. 506; Armstrong v. Ettlesohn, 36 Id. 209; Armstrong v. Trautman, Id. 275; McConville v. Gilman, Id. 277; Stephens v. Bernays, 41 Id. 642; Yardley v. Dickson, 47 Id. 835; Fisher v. Yoder, 53 Id. 565.

N. B. HAMILTON for defendants in error.

FALL, J.—Plaintiff in error, John W. Schofield, receiver of the Albuquerque National Bank, an insolvent institution organized under the national banking act, sued the defendants in error upon two promissory notes aggregating, with interest, over $5,000. Declaration alleges the incorporation of the bank, the appointment of plaintiff as receiver by the comptroller, making of the notes by the defendants, that they are due and unpaid, etc. The suit was brought in the court sitting for the Fifth judicial district, composed of the counties of Socorro, Lincoln, Chaves, and Eddy, the said court sitting for the trial of causes arising under the laws of the United States, these courts being by the acts of the territory for the drawing of juries, etc., designated as "judicial district courts," as contradistinguished from the "district courts for the counties" in which are tried causes arising under the laws of the territory. Defendants in error moved to dismiss said cause, because the court sitting for the trial of causes arising under the constitution and laws of the United States had no jurisdiction to try said cause by reason of the subject-matter, and because said suit should have been brought to the "district court for the county" sitting in and for the county of Socorro for the trial of causes arising under the laws of the territory. The motion to dismiss was formally sustained, and final judgment of dismissal entered, that this court might pass upon the jurisdictional question presented.

It is contended by defendant in error that, the legislative assembly of the territory having established in

the different counties of this territory courts for the trial of causes arising under the laws of the territory, that under the provisions of section 1874 of the Revised Statutes of the United States the "judicial district courts" sitting for the trial of causes arising under the laws of the United States have no jurisdiction of such causes as are here presented, the district courts for the counties having exclusive jurisdiction in the premises. Section 1874 provides that the "judges of the supreme court of this territory are authorized to hold courts within their respective districts, in the counties wherein

DISTRICT courts for the counties: judicial district courts: jurisdiction.

by the laws of the territory courts have been or may be established for the purpose of hearing and determining all matters and causes except those in which the United States is a party." Under section 1910, Revised Statutes of the United States, the "judicial district courts" are given the same jurisdiction in causes arising under the laws of the United States as is vested in the circuit and district courts of the United States. By chapter 3, title 10, section 563, Revised Statutes, the district courts of the United States are given jurisdiction "of all suits at common law brought by the United States or by any officer thereof authorized to sue." Under chapter 7, title 13, Revised Statutes, the circuit courts are given jurisdiction "of all suits at common law where the United States or any officer thereof suing under the authority of an act of congress are plaintiffs." Under Supplement to Revised Statutes [2 Ed.] 354, 611, the jurisdiction of the United States courts over national banks as corporations created by federal law was expressly taken away, but the courts have held that under sections 629 and 563, before cited, the receiver of a national bank, being an officer of the United States, is entitled to sue in the United States courts. Kennedy v. Gibson, 8 Wall. 498; Gibson v. Peters, 150 U. S. 342; Price v. Abbott, 17 Fed. Rep.

506.   If this suit had been commenced in a state, it could have been brought in a state court, and removed to the United States court, or could have been brought originally in the latter.   By no process of reasoning, then, and by no authority of prior decision, can we arrive at any other conclusion than that the "district courts for the counties," organized under acts of the legislature passed under power given by section 1874, Revised Statutes, and the judicial district courts, under section 1910, Revised Statutes, have concurrent jurisdiction in causes brought by a receiver of an insolvent national bank.   The question of the jurisdiction of these courts has been heretofore extensively discussed in cause number 561, known as the "Prohibition Case." Applying to the cause under consideration the test suggested in the Prohibition case as to the disposition of causes pending should this territory be admitted as a state, it will readily be seen that the result arrived at here is in line with the reasoning in 561.   Judgment of the lower court reversed, with instructions to reinstate the cause.

SMITH, C. J., and COLLIER, J., concur.

FREEMAN, J.—The action of the court below was taken merely pro forma for the purpose of taking the opinion of this court.   I believed when the case was presented in the court below, as I believe now, that the court had jurisdiction; hence I concur in the foregoing opinion.