# UNITED STATES
## *v.*
## JUSTO RIVERA.

## UNITED STATES
## *v.*
## ASUNCION ROMAN.

**COUNSEL FOR INDIGENT PERSON CHARGED WITH CRIME.**

1. The court should, if possible, appoint counsel to defend an indigent person charged with crime.
2. An attorney so assigned cannot refuse to act.
3. No attorney's fee can be taxed as costs for the defendant, even though in such a case he be acquitted.

November 19, 1901.

*Mr. J. Hernandez,* attorney for defendants.

HOLT, Judge, delivered the following opinion:

The defendant Justo Rivera was indicted for the larceny of United States property, which is a felony; and it being shown that he was an indigent person the court assigned counsel, to wit, J. Hernandez, Esq., to defend him. He did so and the defendant was acquitted.

Asuncion Roman was indicted for stealing property from a place under the exclusive jurisdiction of the United States,

United States v. Rivera.

which is a misdemeanor; and it being shown that he was an indigent person, the court also assigned counsel to defend him; to wit, J. Hernandez, Esq. He did so and the defendant was convicted.

Said Hernandez now moves for an allowance in his favor in each case of the docket fee of $20 named in § 824 of the Revised Statutes, to be paid by the clerk of this court; and which would, of course, if allowed, be paid out of the fees of the office which accrue to Porto Rico. The state would, therefore, be made to pay them. The taxed fee is to the successful party, and not to the attorney; but waiving this, in order that a question which is constantly liable to arise may be determined,— Should the taxed fee be allowed in such cases whether the party is acquitted or convicted? The question has been carefully examined and considered, owing to the zeal with which the claim has been pressed.

Where an indigent person is charged with crime, the court should, if possible, assign counsel to defend him. The 6th Amendment to the Constitution of the United States provides that one charged with crime has a right to the assistance of counsel; and it is not only a principle of the American constitutional law, but eminently right that the prisoner should be so provided, and, if not able to employ any, that the court should assign one. Attorneys so assigned cannot refuse to act. They are officers of the court. They exercise a franchise, or privilege, by the court's permission, and it is their duty to subserve the needs of public justice. In the absence of statutory provision the attorney so assigned, or the client whom he represents, cannot have an allowance or a taxed fee against the state or government. Cooley, Const. Lim. 334.

It is claimed, however, that §§ 823, 824 allow it. They apply, prima facie, to taxable fees in ordinary suits between party

and party.    United States v. McMillan, 165 U. S. 504–515, 41.
L. ed. 805–809, 17 Sup. Ct. Rep. 395.

Section 823 applies to all compensation taxable and allowable
to attorneys, including district attorneys, except in cases other-
wise expressly provided by law.    It says: "The following, and
no other compensation shall be taxed and allowed to attorneys,
solicitors, and proctors in the courts of the United States, to
district attorneys, clerks of the circuit and district courts, mar-
shals, commissioners, witnesses, jurors, and printers in the sev-
eral states and territories, except in cases otherwise expressly
provided by law."

The next clause qualifies this by saying: "But nothing herein
shall be construed to prohibit attorneys, solicitors, and proctors
from charging to and receiving from their clients, other than the
government, such reasonable compensation for their services in
addition to the taxable costs as may be in accordance with gener-
al usage in their respective states, or may be agreed upon be-
tween the parties."

The plain object of this clause was that attorneys should not
be limited to the taxed fee, but that the government was not to be
charged for extra services.    It was intended to prevent district
attorneys from getting additional compensation for special serv-
ices, and for which pay was not expressly authorized; and the
Supreme Court of the United States has so declared.    Gibson
v. Peters, 150 U. S. 342–348, 37 L. ed. 1104–1106, 14 Sup. Ct.
Rep. 134.

It is not expressly provided that the attorney's fee is to be
taxed against the government, even in case of acquittal.    Or-
dinarily the government does not pay costs.    Where a statute
provides generally for the taxation of fees in a case, the govern-
ment is not included unless expressly named.    Laws prima facie
are for subjects, and the intention to bind the government must

United States v. Rivera.

appear affirmatively. It is not bound by statute unless named therein. A general statutory provision cannot affect the interests of the state unless by express words or irresistible implication. Thus a statute of limitations, though general in language, does not bar a claim by the government unless it is included by express words.

Officers of courts render many *ex officio* services to the government for which they receive no pay. For instance, an attorney designated by the court to examine applicants to practice law serves without compensation. It is true that in many of the states statutes have been passed allowing compensation to attorneys for defending persons charged with crime, and assigned to do so by the court; but in the absence of a statute of the United States expressly so providing, it cannot be done.

The allowance is, therefore, refused in each case and the motion is overruled.