## WARD v. UNITED STATES.
### No. 1226.

District Court, E. D. Arkansas, W. D.
March 29, 1946.

Lee Ward, in pro per.

Sam Rorex, U. S. Atty., and W. H. Gregory, Asst. U. S. Atty., both of Little Rock, Ark., for defendant.

TRIMBLE, District Judge.

The defendant filed a motion to dismiss the complaint herein, alleging two grounds: (1) the court lacks jurisdiction of the subject matter, and (2) the complaint fails to state a cause of action upon which relief can be granted.

 For the purpose of the motion the facts alleged in the complaint will be accepted as true. Stating the facts alleged as succinctly and tersely as possible, without following the extended recitation in the complaint, the complaint alleges:

Plaintiff is an attorney with special training in land titles. He went to the recruiting office of the Navy to offer his services as a patriot. There the recruiting officer told him the navy did not need his services as an attorney but his services in clerical and secretarial work were urgently needed, which work he was qualified to do by earlier experience. He says: "The recruiting officer further assured plaintiff, as an inducement to procure his voluntary enlistment in the navy, that if his legal qualifications were needed and used at some later date the navy would not only be willing but also anxious to pay him in proportion to the value of the services he performed." He relied upon this statement and literature published by the navy and enlisted as a yeoman in the United States Navy. From June 1, 1944, to September 21, 1945, over his protest, he was employed in land title work by the navy, which work required the exercise of legal skill and knowledge of a high order. He outlines in some detail what his services consisted of.

The complaint then alleges:

"Never at any time during plaintiff's assignment in the Real Estate Division did any officer of the Navy, or any other representative of the U. S. Government, register any objection to plaintiff performing the duties of a professional land title attorney on behalf of and at the direction of the Government." And further alleges that the fact of his performing such duties was known to "authorized representatives of the Offices of the Attorney General of the United States and of the Secretary of the Navy. These official arms of the U. S. Government accepted and made use of plaintiff's professional skill throughout a period of one and one-quarter years, while plaintiff was being paid to perform only such clerical and secretarial duties as are prescribed for the enlisted rate of Chief

Yeoman in the Manual of the Bureau of Navy Personnel."

"Statements made by the Naval Recruiting Officer as an inducement for plaintiff to voluntarily enlist in the Navy, statements made in the published literature of the navy for use in persuading this plaintiff to voluntarily enlist in the Navy, and general public knowledge (known to this plaintiff before his enlistment) that the navy encourages a public belief in its willingness to pay any man in proportion to the skills it exacts from him, either singly or together, constitute a promise made to this plaintiff on the day of his enlistment that the United States of America would pay him just and reasonable compensation for whatever work it required of him during the period of his service to the Navy. The pay and allowance given to this plaintiff by the Navy as an enlisted yeoman do not represent just and reasonable compensation for the one and one-quarter years of professional legal work required of the plaintiff by the Navy Department."

The complaint then alleges that the minimum amount to which plaintiff is entitled as compensation for his services is eight thousand dollars a year, or ten thousand dollars for the year and a quarter he was so employed. He generously conceded that the government is entitled to off-set the amount of money paid him as yeoman, $3,500, leaving a balance of $6,500 for which he prays judgment.

(1) Did the court have jurisdiction of the subject matter?

Plaintiff relies on the Tucker Act, 28 U.S.C.A. § 41, and sub-section (20). So far as pertinent to the question at issue here that statute reads: "The district courts shall have original jurisdiction as follows: * * * (20). Concurrent with the Court of Claims, of all claims not exceeding $10,000 founded * * * upon any contract, express or implied, with the Government of the United States, * * * in respect to which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admiralty, if the United States were suable * * *."

 To test the jurisdiction of the court we may assume that the complaint states an implied contract with the United States government. Certainly his enlistment as a yeoman did constitute a contract under which the United States obligated itself to pay him the salary, wages or com-

pensation due him as such yeoman. Should they have required him to perform the services as such and refused to pay him the wages fixed by law he would have had a cause of action cognizable in this court. It must be remembered that in all such cases this court sits as a court of claims. The complaint alleging an implied contract, on which plaintiff relies to recover as on quantum meruit the court would have jurisdiction to try such issue "if the United States were suable," on such a claim. 28 U.S.C.A. § 41(20).

(2) Does the complaint state a cause of action upon which relief can be granted?

To sustain its motion defendant relies upon Title 5, United States Code Annotated, Section 70. That section reads: "Extra allowances. No officer in any branch of the public service, or any other person whose salary, pay, or emoluments are fixed by law or regulation, shall receive any additional pay, extra allowance, or compensation, in any form whatever, for the disbursement of public money, or for any other service or duty whatever, unless the same is authorized by law, and the appropriation therefor explicitly states that it is for such additional pay, extra allowance, or compensation."

■ The language of the statute is so plain and unambiguous that no construction of it is necessary, in fact permissible. It is all inclusive as to persons to whom it is applicable, and under the allegations of the complaint the plaintiff clearly falls within the affected class. Plaintiff seeks to bring himself within the exception "unless the same is authorized by law, and the appropriation therefor explicitly states that it is for such additional pay, extra allowance, or compensation."

Plaintiff does not point out to the court or allege any Act of Congress authorizing such payment, or making an appropriation which "explicitly states that it is for such additional pay, extra allowance, or compensation." He cites 34 United States Code Annotated, Sec. 520, the title to which reads: "Prerequisites to expenditure of public money on site purchased for navy yard or buildings; acquisition by United States of jurisdiction over lands." He quotes from that section as follows: "The head or other authorized officer of any department, independent establishment, or agency, shall procure evidence of title which the Attorney General may deem necessary, and the expenses of procurement, except where otherwise authorized by law or provided by contract, may be paid out of the appropriations for the acquisition of land or out of the appropriations made for the contingencies of the acquiring department, independent establishment, or agency."

This falls far short of meeting the requirements of the exception in the statute upon which plaintiff relies. In United States v. Converse, 25 Fed.Cas. page 596, No. 14,848, 21 Law.Rep. 593, affirmed 21 How. 463, 62 U.S. 463, 16 L.Ed. 192, the District Court said: "It is not enough to find an act of congress authorizing a service and making an appropriation to pay for it. This would be sufficient, providing the person rendering the service were not an officer or other person entitled to a fixed compensation. If he be, and he claims an extra compensation for an extra service, he must produce an appropriation which explicitly sets forth that it is made for such additional compensation; that is, he must show not only that congress contemplated and provided for a service and payment therefor, but that they contemplated and explicitly provided that if it should be rendered by one already entitled to a fixed compensation he should nevertheless receive, in addition thereto, the compensation provided for such service. And the addition of such compensation to a fixed compensation is not to be inferred from any equitable considerations, but must be found explicitly declared in the law itself."

As said by the Attorney General in his opinion in 3 Op.Atty.Gen. 439, 440: "In case of a general appropriation of a sum of money for the accomplishment of a particular object, no part of it can be paid to a person receiving an annual salary, or pay and emoluments fixed by law, for any services he might render in relation to it, which services are not directed to be paid by the act."

In the case of B. Pearl Mullett, Administratrix, etc. v. United States, 150 U.S. 566, 14 S.Ct. 190, 192, 37 L.Ed. 1184, decided December 11, 1893, the court considered Sections 69 and 70, Title 5, U.S.Code Annotated, section 70 being the section upon which defendant here relies. There the court said:

"Obviously, the purpose of congress, as disclosed by these sections, was that every officer or regular employe of the government should be limited in his compensation

to such salary or fees as were by law specifically attached to his office or employment. 'Extras,' which are such a fruitful subject of disputes in private contracts, were to be eliminated from the public service. Such purpose forbids a recovery in this case. Mr. Mullett as Supervising architect of the treasury, was in the regular employ of the government at a stated salary of $5,000. He was employed to render services which, if not strictly appertaining to his office or position, were of the same general character, and to be performed at the same place. No new office was created. No express promise of payment was made. No act of congress in terms, gave authority to promise payment, or made any provision or appropriation for compensation. The case is one simply of a claim for compensation for extra services, when no express authority therefor can be found in any act of congress.

"These sections have been in force many years, and have received the consideration of this court in several cases: Hoyt v. United States, 10 How. 109, [51 U.S. 109, 13 L.Ed. 348]; Converse v. United States, 217 How. 463, [62 U.S. 463, 16 L.Ed. 192]; United States v. Shoemaker, 7 Wall. 338, [74 U.S. 338, 19 L.Ed. 80]; Stansbury v. United States, 8 Wall. 33, [75 U.S. 33, 19 L.Ed. 315]; Hall v. United States, 91 U.S. 559, [23 L.Ed. 448]; United States v. Brindle, 110 U.S. 688, 48 S.Ct. 180, [28 L. Ed. 286]; United States v. Saunders, 120 U.S. 126, 7 S.Ct. 467, [30 L.Ed. 594]; Badeau v. United States, 130 U.S. 439, 451, 9 S.Ct. 579, [32 L.Ed. 997], and United States v. King, 147 U.S. 676, 13 S.Ct. 493, [37 L.Ed. 328], in which most of the former cases were reviewed, and in which it was held that a clerk of a circuit court is not entitled to compensation for services in selecting juries in connection with the jury commissioner, there being no statute expressly authorizing such compensation.

"A still later case is that of Gibson v. Peters, decided at the present term, ante 150 U.S. 342, 14 S.Ct. 134 [37 L.Ed. 1104], in which Gibson, a United States district attorney, claimed that, having the right to represent the receiver of a national bank in a suit brought by such receiver, he had rendered or offered to render such services, and was therefore entitled to payment for such services out of the funds in the hand of the receiver, and this by reason of the provision in the Rev.St., § 5238 [12 U.S. C.A. § 196], that all expenses of any such receivership should be paid out of the as-

sets of the bank before distribution. It was held that his compensation was fully prescribed by sections 823 to 827 of the Revised Statutes, and that he could not recover anything in addition for these services, notwithstanding the general language of section 5238."

Perhaps the case of Stansbury v. United States, supra, is even stronger against the contention of the plaintiff here than the case from which the above quotation comes, but it will be sufficient to direct attention to that case. See also United States v. Metzger, 9 Cir., 133 F.2d 82, certiorari denied, Oswald v. United States, 320 U.S. 741, 64 S.Ct. 41, 88 L.Ed. 439; 5 Op.Atty. Gen. 74 and 3 Op.Atty.Gen. 439.

Plaintiff relies on the statement, which he designates a promise, of the recruiting officer, again set out for emphasis: "The recruiting officer further assured plaintiff, as an inducement to procure his voluntary enlistment in the navy, that if his legal qualifications were needed and used at some later date the Navy would not only be willing but also anxious to pay him in proportion to the value of the services he performed. Relying upon these statements by a Navy Recruiting Officer and also upon the published literature used in the Navy's recruiting program, plaintiff volunteered as an enlisted man in the United States Naval Reserve to do yeoman work * * *."

▮▮▮ No promise by any agent, officer or employe of the United States can obligate the United States to pay such extra salary, allowance or compensation. See Wilson v. United States, 1 Ct.Cl. 206; Stansbury v. United States, supra; Harvey v. United States, 3 Ct.Cl. 38. Even had the recruiting officer made the plaintiff a definite statement, a definite promise, it would have been of no avail here. Nor does the fact that officers, agents and attorneys of the offices of the Attorney General of the United States and the Secretary of the Treasury know that plaintiff was performing these services change the picture legally.

Therefore the court concludes the law to be:

(1) This court has jurisdiction of the subject matter of this action; and,

▮▮▮ (2) The complaint does not state a cause of action upon which relief can be granted.

It follows that the complaint will be dismissed at cost of plaintiff.