PRICE, Receiver, *v.* ABBOTT.

SAME *v.* COLSON.

*(Circuit Court, D. Massachusetts.   June 22, 1883.)*

1. RECEIVERS OF NATIONAL BANKS—APPOINTMENT.
    Appointments of receivers of national banks, made by the comptroller of the currency as provided by law, are to be presumed to be made with the concurrence or approval of the secretary of the treasury, and are made by the head of a department, within the meaning of section 2 of article 2 of the constitution of the United States.

2. SAME—SUIT BY—JURISDICTION OF CIRCUIT COURT—AMOUNT.
    A receiver of a national bank, being appointed pursuant to an act of congress to execute duties prescribed by that act, is in the execution of those duties an agent and officer of the United States, and actions brought by him to recover assessments duly laid upon stockholders, and necessary to provide for the payment of the debts of the bank, are suits at common law, brought by an officer of the United States, under the authority of an act of congress, of which the circuit court has concurrent jurisdiction with the district court, without regard to the amount sued for.   Rev. St. § 629, cl. 3; § 563, cl. 4.

3. SAME—ACT OF 1875—PURPOSE OF.
    The act of 1875 was intended to define the jurisdiction of the circuit courts, as between them and the courts of the states; not to alter the distribution of jurisdiction, as between the circuit court and the district court, of cases which, by reason of their subject-matter, have been committed by congress to the determination of the federal courts; nor to repeal the special provisions of former laws conferring on the circuit and districts courts jurisdiction of such cases, without regard to the amount in dispute.

4. SAME—ACT OF 1882, *c.* 290, § 4.
    The only subject to which the proviso in the act of 1882, *c.* 290, § 4, relates, is the jurisdiction of suits brought by or against national banks, and its purpose is to leave such suits, "except suits between them and the United States, or its officers and agents," to the jurisdiction of the state courts, unless the domicile of the parties is such as to give the federal courts jurisdiction.

5. SAME—SUITS BY RECEIVER OF NATIONAL BANK.
    Suits brought against private persons after a national bank has been found to be insolvent, and for the exclusive benefit of its creditors, by a receiver, in whom its whole property has been vested by operation of law, do not come within the letter or the reason of this proviso.

At Law.

*S. B. Ives, Jr.,* for defendants.

*A. A. Ranney,* for plaintiff.

Before GRAY and NELSON, JJ.

GRAY, Justice.    These are two of a large number of actions brought, by direction of the comptroller of the currency, by the plaintiff, (a citizen of New Jersey,) as the receiver of the Pacific National Bank of Boston, (a corporation organized under the act of congress of June 3, 1864, *c.* 106, and having its banking-house at Boston,) appointed under the act of congress of June 30, 1876, *c.* 156, by the comptroller of the currency, upon being satisfied of the insolvency of the bank, against sundry citizens of Massachusetts, stockholders in the bank, to recover their shares of an assessment, to the amount of 100 per centum on the par value of the shares, made by the comptroller of

the currency to provide the money necessary to pay the debts and liabilities of the bank, under section 5151 of the Revised Statutes. The amount of the assessment sued for in the first action is $2,000; and in the second action, $300. Each of the defendants has moved to dismiss for want of jurisdiction: *First,* because the plaintiff sues only in the capacity of receiver of a national bank, organized under the laws of the United States, and heretofore doing business within the commonwealth and district of Massachusetts; *second,* because the plaintiff brings the action, as receiver for and in behalf of the bank, to enforce an alleged liability of the defendant to the bank, and has no personal or individual interest in the action, or in the cause of action; *third,* because the action is by the bank, and is not a suit by or between the bank and the United States, or any of its officers or agents; and, by force of the act of congress of July 12, 1882, c. 290, § 4, the jurisdiction of the action is confined to the courts of the commonwealth of Massachusetts.

We are of opinion that the motions cannot be supported upon either of the grounds assigned. The congress of the United States is authorized by the constitution to vest the appointment of such inferior officers as it may think proper in the president alone, in the courts of law, or in the heads of departments. Article 2, § 2. By the statutes of the United States the secretary of the treasury is the head of the department of the treasury, and the comptroller of the currency is the chief officer of a bureau in that department, charged with the execution of all laws passed by congress relating to the issue and regulation of a national currency secured by United States bonds, and he performs his duties under the general direction of the secretary of the treasury. Rev. St. §§ 233, 324. Appointments of receivers of national banks, made by the comptroller of the currency, as provided by those laws, are to be presumed to be made with the concurrence or approval of the secretary of the treasury, and are made by the head of a department, within the meaning of the constitution.

By those laws a receiver of a national bank is required, under the direction of the comptroller of the currency, to take possession of all the property, books, and records of the bank, and to collect all debts due to it; is authorized, upon the order of a court of record of competent jurisdiction, to sell or compound bad or doubtful debts, and to sell all the real and personal property of the bank, "and may, if necessary to pay the debts of such association, enforce the individual liability of the stockholders;" and he is required to "pay over all money so made to the treasurer of the United States, subject to the order of the comptroller," and to make report of all his doings to the comptroller, by whom the money is to be divided among the creditors of the bank. Rev. St. §§ 5234, 5236.

The receiver, indeed, in one aspect represents the bank, its stockholders, and its creditors; and neither he nor the comptroller of the

currency represents the government, so far as to have authority to waive its exemption from liability to suit. *Case* v. *Terrell*, 11 Wall. 199. But being appointed pursuant to an act of congress to execute duties prescribed by that act, he is, in the execution of those duties, an agent and officer of the United States; and actions brought by him to recover assessments duly laid upon stockholders, and necessary to provide for the payment of the debts of the bank, are suits at common law brought by an officer of the United States suing under the authority of an act of congress, of which this court has concurrent jurisdiction with the district court, without regard to the amount sued for. Rev. St. § 629, cl. 3; § 563, cl. 4.

This view of the case is supported by the direct adjudications of Judge BENEDICT in *Platt* v. *Beach*, 2 Ben. 303, and of Judge BLATCHFORD in *Stanton* v. *Wilkeson*, 8 Ben. 357; and by the opinions of the supreme court in *Kennedy* v. *Gibson*, 8 Wall. 498, in *Bank* v. *Kennedy*, 17 Wall. 19, and in *U. S.* v. *Hartwell*, 6 Wall. 385.

The defendants contend that the jurisdiction of this court, at least over the second action, in which less than $500 is sued for, has been taken away by the act of March 3, 1875, c. 137, § 1, by which it is enacted "that the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of $500, and arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which the United States are plaintiffs or petitioners, or in which there shall be a controversy between citizens of different states," etc.

But the purpose of the act of 1875 is to define the jurisdiction of the circuit courts, as between them and the courts of the states: not to alter the distribution of jurisdiction, as between the circuit court and the district court, of cases which, by reason of their subject-matter, have been committed by congress to the determination of the federal courts; nor to repeal the special provisions of former laws conferring on the circuit and district courts jurisdiction of such cases without regard to the amount in dispute. The construction contended for would, as has been observed by Judge LOWELL, deprive the federal courts of jurisdiction of suits upon patents and copyrights, and of a great variety of other cases arising under the laws of the United States, whenever the matter in dispute does not exceed $500. *U. S.* v. *Mooney*, 11 FED. REP. 476.

The defendants further contend that this court has no jurisdiction of these actions, since congress has provided by the act of July 12, 1882, c. 290, § 4, that—

"The jurisdiction for suits hereafter brought by or against any association established under any law providing for national banking associations, except suits between them and the United States, or its officers and agents, shall be the same as, and not other than, the jurisdiction for suits by or against

banks not organized under any law of the United States, which do or might do banking business where such national banking associations may be doing business when such suits may be begun; and all laws and parts of laws of the United States inconsistent with this proviso be and the same are hereby repealed."

But the actions before us do not come within the letter or the reason of this proviso. They are not suits brought by or against a national bank doing business in this state and district; but they are suits brought against private persons, after the bank has been found to be insolvent, and for the exclusive benefit of its creditors, by a receiver in whom its whole property has been vested by operation of law.

The only subject to which the proviso relates is the jurisdiction of suits brought by or against national banks; and its purpose is to leave such suits, "except suits between them and the United States, or its officers and agents," to the jurisdiction of the state courts, unless the domicile of the parties is such as to give the federal courts concurrent jurisdiction. No intention can be implied to oust the federal courts of jurisdiction of suits brought by an officer of the United States, under the authority of the laws of the United States, to recover of the stockholders of an insolvent national bank money which, when recovered, the plaintiff is required to pay over to the treasurer of the United States for the benefit of the creditors of the bank.

Motions to dismiss overruled.