## ARMSTRONG *v.* ETTLESOHN.

*(Circuit Court, N. D. Illinois. May 21, 1888.)*

1. COURTS—FEDERAL CIRCUIT—JURISDICTIONAL AMOUNT.
    A declaration filed in the circuit court in Illinois averring that the plaintiff is a citizen of Ohio, and containing three counts,—one upon a promissory note for $875, one for money had and received, $875, and one for work and labor, $875,—is sufficient upon demurrer to give that court jurisdiction, as the aggregate of the sums alleged to be in controversy exceeds the sum of $2,000.

2. SAME—SUITS BY OFFICERS OF UNITED STATES—NATIONAL BANKS—RECEIVERS.
    The receiver of a national bank in process of liquidation, having received his appointment from the comptroller of the currency, under the national banking laws, is an officer of the United States, and as such may sue in the circuit court, without regard to citizenship or the amount involved, under Rev. St. § 629, cl. 3, conferring upon that court jurisdiction "of all suits at common law where the United States, or any officer thereof, suing under authority of any acts of congress, are plaintiffs."

At Law. On demurrer and motion to dismiss.

Action by David Armstrong, receiver of the Fidelity National Bank, against Benjamin Ettelsohn.

*J. S. McClure*, for complainant.

*Kraus, Mayer & Stein*, for defendant.

BLODGETT, J. This case is now before me on a demurrer to the declaration and a motion to dismiss. The question raised both by the demurrer and motion is one of jurisdiction of this court. The declaration contains three counts. The first is upon a promissory note of $875, of which there is about $900 now due; the other two counts are the usual common counts for money had and received, and work and labor done, —one charging that the sum of $875 is due for money had and received; and the other, that the sum of $875 is due for work and labor done. The declaration avers that the plaintiff is a citizen of the state of Ohio, and, as will be seen from the statement in regard to causes of action set out in each count, the aggregate of the sums alleged to be in controversy exceeds the sum of $2,000. It was urged in argument that the only right of action that the plaintiff had against the defendant is upon a promissory note mentioned in the first count, and that may prove to be so when the case comes to trial; but upon the face of this declaration, which we can only look at under this demurrer, there appear to be three causes of action, which, when aggregated, make more than the amount required to give jurisdiction. So that, upon the question of citizenship and amount, the declaration seems to me to show jurisdiction.

There is, however, another ground for jurisdiction, which seems to me equally conclusive of the plaintiff's right to maintain this suit in this court. Clause 3, § 629, defining the jurisdiction of circuit courts of the United States, gives the circuit court jurisdiction "of all suits at common law where the United States, or any officer thereof, suing under authority of any acts of congress, are plaintiffs." The plaintiff in this case is the receiver of a national bank in process of liquidation, and as such has the

right to bring suits. He has received his appointment under the national banking laws from the comptroller of the currency, and is acting under such authority. In *Frelinghuysen* v. *Baldwin*, 12 Fed. Rep. 395, it was held, in a carefully considered opinion by Judge NIXON, that a receiver of a national bank is an officer of the United States, and as such may sue in the federal courts; and the same rule was adopted by Mr. Justice GRAY, at circuit, in *Price* v. *Abbott*, 17 Fed. Rep. 506, so that this plaintiff is entitled, in the light of these decisions, to sue in this court without regard to his citizenship or the amount involved. The demurrer and motion to dismiss are therefore overruled.