## STEPHENS v. BERNAYS.

*(Circuit Court, E. D. Missouri, E. D. September 24, 1890.)*

DISTRICT COURTS—JURISDICTION—RECEIVER OF NATIONAL BANK.

Rev. St. U. S. § 563, gives the district courts jurisdiction of "all suits at common law, brought by the United States, or any officer thereof authorized by law to sue." Act Cong. Aug. 13, 1888, (25 St. at Large, 433,) confers the same jurisdiction on the district courts, and declares (section 4) that for jurisdictional purposes national banks shall be deemed citizens of the state in which they are located, but that this provision shall not affect the jurisdiction of the federal courts "in cases commenced by the United States, or by the direction of any officer thereof, or cases for winding up the affairs of any such bank." *Held*, that the district court has jurisdiction of an action by the receiver of an insolvent national bank to collect assessments on stock. Affirming 41 Fed. Rep. 401.

*H. A. Loevy*, for plaintiff in error.

*Geo. D. Reynolds*, U. S. Atty., for defendant in error.

Before MILLER, Justice, and CALDWELL, J.

CALDWELL, J. This is an appeal from the district court. See 41 Fed. Rep. 401. The error assigned is that the district court had no ju-

risdiction of the case. The action is brought by the receiver of an insolvent national bank to collect assessments on stock. The stockholder died, and this suit is brought against his executrix. The first contention of the counsel for the defendant (the plaintiff in error) is that the district court has no jurisdiction of the case at all. That the fourth subdivision of section 563 of the Revised Statutes of the United States, which says that the district court shall have jurisdiction of "all suits at common law, brought by the United States, or any officer thereof authorized by law to sue," has been repealed by the act of August 13, 1888, (25 St. at Large, 433.) That act does not repeal the clause referred to, but, on the contrary, in terms confers on the district court jurisdiction in this class of cases. The fourth section of the act provides that all national banks and associations established under the laws of the United States shall, for the purpose of actions by or against them, real, personal, or mixed, and all suits in equity, be deemed citizens of the state in which they are respectively located, and in such cases the circuit and district court shall not have jurisdiction other than such as they would have in cases between individual citizens of the same state. The proviso is:

"The provision of this section shall not be held to affect the jurisdiction of the courts of the United States, in cases commenced by the United States, or by the direction of any officer thereof, or cases for winding up the affairs of any such bank."

Now, this case falls within the provisions of that proviso in two or three respects. In the first place, it is a case for winding up the affairs of the bank. It is a suit directed by an officer of the United States, and prosecuted by an officer of the United States. The comptroller is an officer of the United States. He appointed the receiver, who is also an officer of the United States, and directed him to bring this suit. It was suggested by counsel for the appellant that the word "commenced" in this proviso should be construed to mean "now pending," but obviously that is not its meaning. The difference between the language in that proviso and that in the proviso of the fourth section is marked. The proviso of the fourth section declares:

"The provisions of this section shall not be held to affect the jurisdiction of the courts of the United States in cases commenced by the United States, or by direction of any officer thereof, or cases for winding up the affairs of any such bank."

The word "commenced" in this proviso is to be given a prospective, as well as a present, operation. The proviso is to be interpreted as if it read, "now pending or hereafter brought."

It is further contended that the district court had no jurisdiction, because this suit is brought against an executrix, and that a suit brought against an executrix, seeking to establish against her, as such executrix, a debt incurred by her testator, is not a suit at law within the meaning of the act of congress; that it is something different from a suit at law, and therefore does not fall within the statute. Whatever learning there is on the subject of the administration of an estate by an ecclesiastical court that makes an action against an executor to establish a claim against

the estate of his testator something different, or more or less, than a lawsuit, has long been obsolete in this country, where suits against executors and administrators are suits at law, or in equity, as the case may be, as much as if they were against one not acting in a representative capacity. Of course, under the old practice you could not sue an executor of a dead man and a living man together; but now, if two men make a contract, and one of them dies, you may sue the survivor and the executor of the dead man jointly, and recover judgment against both of them in the same suit if you show yourself entitled to it.

It is further objected that the court has no jurisdiction, because all suits against executors or administrators should be prosecuted in the probate court of a state where the estate is being administered. We must not confound distinctions here. The district court of the United States has no probate jurisdiction, and is not seeking to interrupt the regular and orderly administration of the estate of Mr. Bernays in the probate court of the state. The administration of the estate belongs to the probate court of the state. But, if the receiver, or any other person having a right to sue in a federal court, has a claim against the estate of Mr. Bernays which the executrix is unwilling to allow, he is not bound to sue in the probate court to establish that claim; but if his *status* or citizenship is such as to entitle him to sue in a court of the United States, he has a right to come into that court and have the question of debt or no debt determined in that forum. Over that question the federal court has jurisdiction. But when, in such suit, judgment is recovered against the executrix, the federal court cannot do much more than to give to the judgment creditor a certified transcript of the judgment to be filed in probate court, and there probated and classified in accordance with the state law, unless the judgment was for a preferred debt under the laws of the United States. The action of the district court in no way or manner interferes with the due administration of the estate in the probate court. It only settled the fact that the defendant, in her representative capacity as executrix of the estate of Mr. Bernays, was indebted to the receiver in the amount of the judgment on account of the liability incurred by the testator in his life-time. The errors assigned are overruled, and the judgment affirmed.

MILLER, Justice, concurs.