a bribe from the defendant to murder another person who was within the distillery, and whom the officer could more readily have obtained access to by reason of his right to enter. The bribe offered was for an act entirely outside the official function of the officer to whom, it is claimed, the bribe was offered. The right to enter the distillery was not given him that he might do this, but that he might enter there for the purpose of merely inspecting the articles in the distillery, and hence the act which it was sought to have him accomplish by the inducement offered was in no respect within the duty of this officer. The alleged offers cannot be said to have been made to induce the officer to do or omit to do any act in violation of his lawful duty. It will, of course, be understood that this motion is disposed of solely on the ground that the offense charged was not within the jurisdiction of this court, but is wholly within the cognizance of the state courts.

The motion to quash is sustained.

## YARDLEY *v.* DICKSON.

*(Circuit Court, E. D. Pennsylvania. October 18, 1891.)*

CIRCUIT COURTS—SUITS BY RECEIVERS OF NATIONAL BANKS—JURISDICTION.
    A receiver of a national bank may sue in the circuit court to recover an indebtedness owing to the bank, without regard to the amount involved.

Motion to Dismiss for Want of Jurisdiction of the Court.

*Assumpsit* to recover $150, the amount of an alleged discounted note, by Robert J. Yardley, receiver of the Keystone National Bank of Philadelphia, against James Dickson.

*Aaron Thompson,* for defendant, for exception—

Cited as to the amount necessary to confer jurisdiction: Act Cong. Sept. 24, 1789, § 3; Act Cong. March 3, 1875, § 1, (18 St. at Large, 470, 473;) Act Cong. March 3, 1887, §§ 2, 6, (24 St. at Large, 552;) Act Aug. 13, 1888, § 1, (25 St. at Large, 433;) *U. S.* v. *Huffmaster,* 35 Fed. Rep. 81. As to the fact that national banks and their officers are to be considered the same as individuals, and are to be governed by the same laws as respects jurisdiction: Act Cong. Aug. 13, 1888, § 4, (25 St. at Large, 433.)

*John R. Read* and *Silas W. Pettit,* for plaintiffs.

Clause 3, § 629, Rev. St. U. S., provides that circuit courts of United States shall have original jurisdiction "of all suits at common law where the United States, or any officer thereof, suing under the authority of any act of congress, are plaintiffs." Where there is such a plaintiff, jurisdiction attaches independent of the amount. *U. S.* v. *Mooney,* 116 U. S. 104, 6 Sup. Ct. Rep. 304. A receiver of a national bank is an officer of the United States "suing under the authority of an act of congress." *Kennedy* v. *Gibson,* 8 Wall. 498; *Frelinghuysen* v. *Baldwin,* 12 Fed. Rep. 395; *Platt* v. *Beach,* 2 Ben. 303; *Stanton* v. *Wilkeson,* 8 Ben. 357; *Price* v. *Abbott,* 17 Fed. Rep. 506. This jurisdiction was not affected by act of 1887. *Armstrong* v. *Trautman,* 36 Fed. Rep. 275; *Armstrong* v. *Ettlesohn,* Id. 209; *McConville* v. *Gil-*

*mour*, Id. 277; *U. S.* v. *Shaw*, 39 Fed. Rep. 433. Another ground of jurisdiction lies in the fact that prior to 1882 a national bank might sue in the district where the bank was situated, regardless of amount of claim. *Mitchell* v. *Walker*, 2 Browne, Nat. Bank. Cas. 180; Rev. St. § 629, clause 10. A receiver succeeds to bank's rights, (*Kennedy* v. *Gibson*, 8 Wall. 498;) and he could sue, after 1882, in district where bank is located, (*Hendee* v. *Railroad Co.*, 26 Fed. Rep. 677.) The act of August 13, 1888, § 4, (25 St. at Large, 433,) provided that section should not refer to "suits for winding up national banks."

ACHESON, J. We have considered the question of jurisdiction in above case, and are satisfied that the court has jurisdiction.

---

ADELBERT COLLEGE OF WESTERN RESERVE UNIVERSITY *v.* TOLEDO, W. & W. RY. CO. *et al.*

*(Circuit Court, N. D. Ohio, W. D.* September 10, 1891.)

1. REMOVAL OF CAUSES—LOCAL PREJUDICE—AFFIDAVITS ON MOTION TO REMAND.

When a cause has been removed from a state court to the federal circuit court by an order which recites that, "it appearing to the court from the petitions filed in this cause, and the affidavits thereto attached, that from prejudice or local influence" the petitioners will not "be able to obtain jus'ice" in the state court, the circuit court will not afterwards receive counter-affidavits denying the existence of prejudice, etc., and consider the question of fact anew on a motion to remand.

2. SAME—CONFLICTING DECISIONS.

When, in a suit by persons owning certain "equipment bonds" of a railroad, the United States supreme court decides that such bonds constitute no lien on the property, and subsequently a state supreme court, in a suit on other bonds of the same series, reaches an opposite conclusion, this latter decision cannot be considered as showing "prejudice or local influence," so as to constitute a ground for removing a third suit, in a subordinate court of the state, on still other bonds of the series, to the federal circuit court.

3. SAME—INTEREST OF REMOVING DEFENDANTS.

In a suit to assert the lien of certain railroad equipment bonds, the trustees under mortgages to secure subsequent issues of bonds have no interest in the controversy as parties defendant, such as will give them a right to remove the cause to a federal court, when their mortgages have all been foreclosed, and the property sold to a new corporation, under a valid decree of a court of competent jurisdiction.

4. SAME—CITIZENSHIP OF PARTIES—REAL CONTROVERSY.

In a suit by a corporation in a state court against several railroad companies, their trustees and mortgagees, on certain equipment bonds, the lien whereof was denied by answer, many other holders of the same series of bonds were permitted, with plaintiff's consent, to become parties defendant, and by cross-bills to set up the lien of their bonds. *Held* that, in determining whether the citizenship of the parties was such as to warrant a removal to the federal circuit court on the ground of prejudice and local influence, all the parties asserting the lien of the bonds should be considered as parties plaintiff.

5. SAME.

When part of the plaintiffs, as thus arranged, are aliens, and others are residents of the same state with some of the removing defendants, the federal court has no jurisdiction.

In Equity. Suit to assert the lien of certain equipment bonds, brought by the Adelbert College of Western Reserve University against the Toledo, Wabash & Western Railway Company, the Wabash Railway