## FISHER v. YODER.

(Circuit Court, W. D. Pennsylvania. December 17, 1892.)

No. 1.

1. FEDERAL COURTS—JURISDICTION—RECEIVERS OF NATIONAL BANKS.

The federal courts have jurisdiction of suits by receivers of national banks, to collect the assets thereof, without regard to the citizenship of the plaintiff.

2. NEW TRIAL—DISCRETION OF COURT—NONRESIDENT JUROR.

Where there has been a fair trial, and the verdict is fully warranted by the evidence, the court will not, in the exercise of its discretion, grant a new trial because one of the jurors was a nonresident of the district, which fact was not disclosed at the trial.

At Law. Action by B. F. Fisher, receiver of the Spring Garden National Bank of Philadelphia, against L. T. Yoder, to recover assets alleged to belong to the bank. There was verdict and judgment for plaintiff, and defendant now moves for a new trial, and in arrest of judgment. Denied.

B. C. Christy and J. S. Ferguson, for the motion.

Walter Lyon, opposed.

BUFFINGTON, District Judge. This is a motion for a new trial. Fisher, the plaintiff, is the receiver of the insolvent Spring Garden National Bank of Philadelphia, and both he and Yoder, the defendant, are citizens of Pennsylvania. It is urged that, by reason of their citizenship, this suit will not lie. That Fisher, the receiver of the national bank, is an officer of the United States, and as such is entitled to bring the present suit to collect assets of the bank, there is no doubt. His right to do so is fully sustained in the cases following. The thoroughness with which the question is there discussed renders further opinion needless. Platt v. Beach, 2 Ben. 303; Stanton v. Wilkeson, 8 Ben. 357; Stephens v. Bernays, 41 Fed. Rep. 401; 44 Fed. Rep. 643; Price v. Abbott, 17 Fed. Rep. 506; Hendee v. Railroad Co., 26 Fed. Rep. 677; Armstrong v. Trautman, 36 Fed. Rep. 275; Yardley v. Dickson, 47 Fed. Rep. 835.

It is also urged such new trial should be granted because John W. Held, one of the jurors sworn in the case, was a nonresident of the district when the cause was tried. He had previously lived in the district, but had moved therefrom. These facts were not learned until after the trial. The general line of decision is that nonresidence of a juror is not, of itself, a sufficient reason to compel the grant of a new trial. It is a question of sound discretion whether, under all the facts connected with the case, it should be done. In the present case, there was a fair trial, the verdict was fully warranted by the evidence; and no other reason against the justness of the verdict, save the nonresidence of the juror, being urged, we think it ought to stand. To grant a new trial under such facts would be to prefer form to substance. It is therefore ordered that judgment be entered for the plaintiff, receiver, and against the defendant.