## THOMPSON v. POOL et al.

### (Circuit Court, D. Nebraska. December 3, 1895.)

1. FEDERAL COURTS—JURISDICTION—SUIT BY RECEIVER OF NATIONAL BANK.

The F. National Bank pledged to the U. Bank, as collateral for a loan, a draft which had previously been transferred to the F. Bank by indorsement. The F. Bank afterwards became insolvent, and the comptroller of the currency appointed a receiver, to whom the U. Bank indorsed the draft "for collection and in trust for the U. Bank." *Held,* that the receiver might show, by evidence outside of the written contract, that the draft was really an asset of the F. Bank, upon which his right of action was derived from his appointment and the laws of the United States, and hence was within the jurisdiction of the federal courts, although his indorser, the U. Bank, and the drawer and acceptor of the draft were citizens of the same state.

2. SAME—REV. ST. SEC. 629.
   A receiver of a national bank, acting under an appointment from the comptroller of the currency, may be deemed to be an appointee of the secretary of the treasury, and, accordingly, an officer of the United States, entitled to sue in the federal courts, under Rev. St. § 629. Stephens v. Bernays, 44 Fed. 642, followed.

This was an action by S. B. Thompson, receiver of the First National Bank of Ravenna, Neb., against W. W. Pool and Rollin L. Downing upon a draft. The defendants moved to dismiss for want of jurisdiction. Denied.

Sawyer, Snell & Frost, for plaintiff.

E. C. Calkins, for defendant.

SHIRAS, District Judge. The plaintiff, in this action is the receiver of the First National Bank of Ravenna, Neb., acting as such by virtue of an appointment made by the comptroller of the currency, and the action is based upon a draft drawn by W. W. Pool on Rollin L. Downing for the sum of $2,000. After acceptance by Downing, the draft was transferred by indorsement to the First National Bank, and by it pledged, with other collaterals, to the United States National Bank of Omaha to secure a loan of $5,000. Upon the appointment of the plaintiff as receiver of the insolvent First National Bank of Ravenna, the draft was placed in his hands for collection, being indorsed to him as follows:

"Pay S. B. Thompson, receiver, for collection, and in trust for United States National Bank, Omaha, Neb.            M. T. Barlow, Cashier."

The defendants move the court to dismiss the action brought by the receiver, on two grounds: First, that the plaintiff is in fact suing as the indorsee of the United States National Bank, and as that bank could not sue in this court, because the defendants are citizens of Nebraska, therefore the plaintiff, as indorsee, cannot sue in this court under the provisions of the act of 1888; and, second, because the amount in controversy does not exceed $2,000, exclusive of interest and costs.

In the case of Holmes v. Goldsmith, 147 U. S. 150, 13 Sup. Ct. 288, it was held by the supreme court that it was open to the parties to show by evidence, outside the written contract sued on, what the real relation of the parties thereto was, in determining whether, in fact, the plaintiff was seeking to enforce a right of action conferred upon him by the indorsement, or whether his right of action was otherwise created. Under the rule announced in that case, it is open to the plaintiff to show and prove that he is seeking to recover upon the title created in him as the receiver of the First National Bank to all the assets of that bank; and the averments of the petition show that the draft in question, although pledged as a collateral to the United States National Bank, still remains an asset of the bank of which plaintiff is receiver. The action by the receiver is, therefore, to enforce a right conferred upon him by the statutes of the United States, and, being based upon the laws of the United States, the controversy, so far as the subject-matter is concerned, is

of federal cognizance; and the clause of the act in regard to suits upon assigned choses in action is not applicable to this case. The controversy is one arising under the laws of the United States, of which this court has jurisdiction, regardless of the citizenship of the parties, provided the amount involved exceeds $2,000, exclusive of interest and costs. As already stated, the draft sued upon is for just $2,000, and no more, and therefore jurisdiction cannot be taken by this court under any of the provisions of the act of 1888.

But it is urged in argument that the suit, being in the name of the receiver of a national bank, appointed by the comptroller, can be held to be a suit brought by an officer of the United States under the provisions of the third clause of section 629 of the Revised Statutes, which enacts that the circuit court shall have jurisdiction "of all suits at common law where the United States, or any officer thereof suing under the authority of any act of congress, are plaintiffs." In Price v. Abbott, 17 Fed. 506, this question was up for consideration before the circuit court of the district of Massachusetts, and Justice Gray therein held that a receiver of a national bank, acting under an appointment from the comptroller of the currency, who is the head of a bureau in the treasury department, may be presumed to be appointed with the approval or concurrence of the secretary of the treasury; and such appointment is therefore made by the head of a department, within the meaning of section 2, art. 2, of the constitution of the United States. Following the doctrine of this case, the same ruling has been made in other circuits. See Armstrong v. Ettlesohn, 36 Fed. 209; McConville v. Gilmour, Id. 277; Armstrong v. Troutman, Id. 275; Yardley v. Dickson, 47 Fed. 835; Fisher v. Yoder, 53 Fed. 565; Stephens v. Bernays, 44 Fed. 642. See, also, Gibson v. Peters, 150 U. S. 342, 14 Sup. Ct. 134; White v. Ewing, 15 Sup. Ct. 1018.

These cases are all, in effect, based upon the ruling in Price v. Abbott, and I must say that, in view of the ruling of the supreme court in U. S. v. Germaine, 99 U. S. 508, and U. S. v. Mouat, 124 U. S. 303, 8 Sup. Ct. 505, it would seem clear that the holding in Price v. Abbott is based upon an untenable assumption, to wit, that an appointment of a receiver, made by the comptroller, can be deemed to be made with the approval of the secretary of the treasury, and therefore the receiver can be held to be an appointee of the secretary, and therefore an officer of the United States, because appointed by the head of the department; it having been settled in U. S. v. Germaine, supra, that no one, although acting for the United States as its agent, can be deemed to be an officer thereof unless he holds his position by virtue of an appointment by the president, or by the head of a department, or by a court of law. The decisions in Price v. Abbott, at circuit, and in U. S. v. Mouat, seem to be in direct conflict, and if I deemed the question open for me for decision on its merits, I should be compelled to hold that, under the ruling in the cases cited, of U. S. v. Germaine, and U. S. v. Mouat, a receiver is not an officer of the United States, within the meaning of section 629 of the Revised Statutes, because he is an appointee of the comptroller, who is not the head of a department, and there is no statute which author-

izes the secretary of the treasury to appoint a receiver, or to approve the appointment when made by the comptroller, and therefore a receiver cannot be held to be an appointee of the head of the treasury department. In view, however, of the decision in Stephens v. Bernays, supra, made in this circuit by Circuit Judge Caldwell, I deem the question closed to me, and, following the ruling therein made, I overrule the motion to dismiss for want of jurisdiction.