## HALLAM v. TILLINGHAST.

(Circuit Court, D. Washington, W. D. July 16 1896.)

REMOVAL OF CAUSES—NATIONAL BANK—SUIT AGAINST RECEIVER.

A receiver of a national bank, appointed by the comptroller of the currency, when sued in a state court on a claim of less than $2,000, has no power to remove the case to a federal court.

Suit by Benjamin Hallam against Phillip Tillinghast, receiver of the Columbia National Bank of Tacoma, Wash. On motion to remand to state court.

Lueders & Leo, for plaintiff.

Phillip Tillinghast, for defendant.

HANFORD, District Judge. This is a suit in equity, originally commenced in the superior court of the state of Washington, for Pierce county, against the defendant, as receiver of an insolvent national bank, appointed by the comptroller of the currency. The object of the suit is to reach assets of an insolvent national bank, and to establish a claim of priority against the funds of the bank in the official custody of the defendant as such receiver. The amount involved is $478.75. The case was removed into this court by the defendant on the ground that federal questions are involved, and the defendant has the right to invoke the jurisdiction of the federal court in all matters of litigation affecting his trust. The complainant denies the jurisdiction of this court, and has moved to remand the cause to the court in which it was originally commenced. In the cases of Price v. Abbott, 17 Fed. 506; Armstrong v. Ettlesohn, 36 Fed. 209; and Armstrong v. Trautman, Id. 275,— and other cases cited as authority by the defendant, the jurisdiction of the circuit court appears to have been sustained on the ground that a receiver of a national bank is an officer of the United States, and in each of the particular cases mentioned was suing under the authority of an act of congress, and jurisdiction to entertain such suits is conferred upon circuit courts of the United States by the third subdivision of section 629 of the Revised Statutes of the United States. That law, however, by its terms, is applicable only to cases at common law commenced originally in a circuit court, and in which an officer of the United States is plaintiff. It does not apply to a suit in equity, nor to a case in which an officer of the United States is defendant, and no authority is given to remove such a case from a state court into a circuit court. This case is one arising under the laws of the United States, and, if the amount involved were sufficient, it would be removable under the acts defining the jurisdiction of the circuit courts, approved March 3, 1875, and March 3, 1887. But the act of March 3, 1875, limits the right of removal to cases where the matter in dispute, exclusive of costs, amounts to the sum or value of $500; and by the act of March 3, 1887, the amount necessary to give jurisdiction, and to entitle a defendant to remove a cause into a circuit court, is raised to $2,000. A receiver appointed by a circuit court, when author-

ized to defend in a suit affecting his trust, may remove the case into the court which appointed him, on the ground that such a suit is ancillary to the principal case in which the court has acquired jurisdiction, and control of the assets or funds in the custody of its officer. But this rule is not applicable to the case at bar. The defendant does not derive his authority by an appointment from this court, and there is no principal suit pending, to which the case at bar can be related as an ancillary suit. Motion to remand granted.