## FOLLETT v. TILLINGHAST.

(Circuit Court, D. Washington, W. D. July 24, 1897.)

REMOVAL OF CAUSES—NATIONAL BANK RECEIVERS.

A receiver of an insolvent national bank, appointed by the comptroller of the currency, against whom an action is brought in a state court to recover less than $2,000, has no right to remove the same to a federal court.

T. W. Hammond, for plaintiff.
Phillip Tillinghast, in pro. per.

HANFORD, District Judge. This is an action at law against a receiver of an insolvent national bank, appointed by the comptroller of the currency, to recover less than $2,000. The plaintiff has moved to remand the case to the superior court of the state of Washington for Pierce county, in which it was commenced, on the ground that, as the amount involved is less than $2,000, this court has no jurisdiction. As I read the statutes defining the jurisdiction of the United States circuit court, and the decisions of the supreme court, the only civil actions involving less than $2,000 of which jurisdiction is given to United States circuit courts are cases in which the government of the United States, or an officer thereof in his official capacity, is plaintiff; suits against the United States; cases between parties claiming lands under grants from different states; cases under the laws of the United States relating to patents and trademarks; cases under the postal and revenue laws; cases under the interstate commerce law; and cases which are ancillary to other cases pending in the same courts. See 1 Supp. Rev. St. (2d Ed.) 611, note; U. S. v. Sayward, 160 U. S. 493–498, 16 Sup. Ct. 371; White v. Ewing, 159 U. S. 36–40, 15 Sup. Ct. 1018. This case does not belong in either of the classes enumerated. The right of removal to this court was claimed on the ground that as the action is against the receiver of a national bank, to reach funds in his official custody, it is a case arising under the laws of the United States, within the rule of the decision of the supreme court of the United States, in the Railroad Removal Cases, 115 U. S. 1–25, 5 Sup. Ct. 1113; but in the Sayward Case, cited above, the supreme court has made it plain that jurisdiction is not given on this ground, unless the amount or value in dispute exceeds $2,000. The defendant is not an officer or agent of this court, and the case is not ancillary to any other case in this court. In re Chetwood, 165 U. S. 443–462, 17 Sup. Ct. 385; Hallam v. Tillinghast, 75 Fed. 849. Motion to remand granted.