## BROWN v. SMITH.

### (Circuit Court, D. Vermont. June 4, 1898.)

JURISDICTION OF FEDERAL COURTS—ACTIONS BY RECEIVERS OF NATIONAL BANKS.

Circuit courts have jurisdiction of actions by receivers of national banks to collect assessments made by the comptroller, without regard to the amount involved.

Thos. J. Boynton, for plaintiff.
John H. Senter, for defendant.

WHEELER, District Judge. This suit is brought by the plaintiff as receiver of the Sioux National Bank to recover an assessment upon the shares therein held by the defendant amounting to $900. The defendant has moved to dismiss it for want of jurisdiction, because the matter in dispute does not exceed, exclusive of interest and cost, $2,000.

Section 629 of the Revised Statutes, concerning the jurisdiction of the circuit courts, was divided into 20 paragraphs, the subjects of but few of which were carried into the act of 1875, to determine the jurisdiction of the circuit courts and regulate the removal of causes from state courts. 18 Stat. 470. Among the subjects left were suits by officers of the United States suing under authority of any act of congress, and suits by or against national banking associations. Receivers of national banks, as plaintiffs, had always been held to be officers of the United States suing under authority of acts of congress. Their right to sue in the circuit courts, without regard to the amount claimed, was held not to have been taken away by the act of 1875, by Mr. Justice Gray and Judge Nelson, in the circuit court of the district of Massachusetts in 1883. Price v. Abbott, 17 Fed. 506. This decision appears to have been uniformly followed in the circuit courts. Armstrong v. Ettlesohn, 36 Fed. 209; Armstrong v. Trautman, Id. 275; Yardley v. Dickson, 47 Fed. 835; Fisher v. Yoder, 53 Fed. 565. In Thompson v. Pool, 70 Fed. 725, Judge Shiras seems to have doubted whether a receiver of a national bank, in view of the decisions of the supreme court in U. S. v. Germaine, 99 U. S. 508, and U. S. v. Mouat, 124 U. S. 303, 8 Sup. Ct. 505, was an officer of the United States, but to have followed the decisions of the circuit courts. Since those cases the supreme court has again held that such a receiver is such an officer. Gibson v. Peters, 150 U. S. 342, 14 Sup. Ct. 134. So the law stood until the act of 1887 to amend sections 1, 2, 3, and 10 of the act of 1875, and the act of 1888, to correct the enrollment of the act of 1887. 25 Stat. 866, p. 433. That act amends that part of the act of 1875 granting jurisdiction by raising the amount in dispute from $500 to $2,000, and not otherwise, and draws the provisions relating to jurisdiction of suits by and against national banks into section 4, and confines it to such as would be had between individual citizens of the same state, and adds: "The provisions of this section shall not be held to affect the jurisdiction of the courts of the United States in cases commenced by the United States or by direction of any officer thereof, or cases for winding up the affairs of any such bank." Cases brought by re-

ceivers for the collection of assessments laid by the comptroller upon the shareholders are cases for winding up the affairs of the banks, and are not affected by the provisions of that section, which is the only one in the act relating to this subject, nor by those of any other section. This jurisdiction, therefore, seems to remain the same as it was under section 629 of the Revised Statutes and the act of 1875. In this view, the motion must be overruled. Motion denied.