MYERS v. HETTINGER.

(Circuit Court of Appeals, Eighth Circuit. April 17, 1899.)

No. 1,097.

1. JURISDICTION OF FEDERAL COURTS — ALLEGATION AND PROOF OF JURISDICTIONAL FACTS.
   It is sufficient to support the jurisdiction of a federal court that the facts requisite to confer it appear in any part of the record, or are the necessary consequences of the facts stated in the pleadings or the findings of the court.

2. SAME—SUIT BY RECEIVER OF NATIONAL BANK.
   A receiver for an insolvent national bank, appointed by the comptroller of the currency, may sue in a federal court, without regard to his citizenship or the amount in controversy.

3. REVIEW—FINDINGS OF FACT.
   Where a case is tried by a federal court without a jury, the sufficiency of the evidence to sustain its findings of fact cannot be considered by the appellate court.

4. PROMISSORY NOTE—DEFENSES—FAILURE OF CONSIDERATION.
   The maker of a note given in payment for stock in a national bank, and transferred to the bank by the payee with the maker's knowledge and acquiescence, cannot defend against an action thereon by the receiver of the bank on the ground of failure of consideration, because of the bank's insolvency, where he has been fully indemnified against loss by the payee.

In Error to the Circuit Court of the United States for the District of Kansas.

Franklin P. Hettinger as receiver of the Hutchinson National Bank, the plaintiff below, brought this suit against James Myers, the defendant below, to recover the contents of a nonnegotiable promissory note for $1,000 payable to W. L. Little, and by him indorsed and transferred for value to the Hutchinson National Bank. In addition to the general denial, the answer set out that the note was procured by fraud and was without consideration; that it was given for bank stock, concerning which the parties, at the time it was given, entered into the following contract:

"This writing witnesseth, that W. L. Little, of Hutchinson, state of Kansas, has this the 17th day of August, 1893, sold to Jas. Myers, the same city and state, ten shares (10) of stock of the Hutchinson National Bank, of said city, of the par value of one hundred ($100.00) dollars per share, for the sum of one thousand ($1,000.00) dollars, upon the following conditions, to wit: That said

W. L. Little herein agrees and binds himself, his heirs and assigns, to repurchase the aforesaid ten shares of stock at the expiration of six months from this date at the price above stated, together with any interest or losses paid by said Myers on said stock during the said term of six months, if the said Myers shall so elect. In witness whereof, we have hereunto set our hands and seals this day and date as above written.      W. L. Little. [Seal.]
"Jas. Myers. [Seal.]"

It is averred that the bank was insolvent at the date of the contract; that on the 21st day of October, 1893, Little notified the defendant of the bank's insolvency, and "that thereupon the said Little, for the purpose of securing the promises and agreements in said contract, made and delivered to this defendant two promissory notes for $1,000 each, payable one year from the date, and secured the same by mortgage upon real estate owned by the said Little in Reno county, Kansas; that, by oral agreement between the said Little and this defendant, it was agreed that one of said notes should be security against the note sued upon herein, and that the other should be security for defendant's liability as a stockholder in said bank; that he has sold one of the said $1,000 notes made by Little to James Duklow for enough to pay the assessment made against him as a stockholder in said bank; that he still holds and is the owner of the other note; that he has instituted suit upon the same in the district court of Reno county, Kansas, for the purpose of obtaining judgment thereon, and to foreclose the mortgage securing the same; that said suit is still pending and undetermined." The answer pleads the last-named $1,000 note as a set-off or counterclaim; but the plaintiff filed a motion "to compel the defendant to elect which cause of action stated in his answer, if any are stated, he elects to stand on, for the reason that said answer sets up and pleads a counterclaim which is inconsistent with the other defenses plead by him, to wit, fraud and no consideration." The court sustained this motion, and the record recites: "Whereupon the defendant elected to stand upon the first three counts of the answer, and withdraws the fourth and last count of the same," which was the one which set up the $1,000 note as a set-off or counterclaim. 81 Fed. 805.

F. L. Martin, for plaintiff in error.

James McKinstry, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. At the threshold of this case we are constrained to remark that the record presents an inexcusable amount of rubbish. We fully agree with the learned trial judge that there is a "want of simplicity in the pleadings." They are prolix, and contain much that is frivolous and irrelevant. The presentation of the case to this court is characterized by the same faults. As has been stated, the cause was tried before the court, who made a special finding of facts; and notwithstanding the repeated decisions of the supreme court and of this court, and, indeed, of all the appellate courts of the United States, that in such cases the appellate court cannot inquire whether the evidence supports the special findings of facts, but only whether the facts found are sufficient to support the judgment, there are various assignments of error to the effect that the evidence was not sufficient to support the special findings of facts, and the testimony is set out, and lengthy arguments made to support that contention. The record discloses that contentions were made in the lower court which were frivolous and hypercritical, and they are renewed in this court.

The jurisdictional averment of the complaint was that "the plaintiff, Franklin P. Hettinger, receiver of the Hutchinson National Bank, of the city of Hutchinson, state of Kansas," states "that he is the

duly appointed, qualified, and acting receiver of the Hutchinson National Bank; that as such receiver he is in charge of all the assets of said bank, with power to collect them by suit or otherwise; * * * that the plaintiff, Franklin Hettinger, receiver of the Hutchinson National Bank, is an officer of the government." The circuit court made two findings on this subject,—one to the effect "that on October 18, 1893, the said Hutchinson National Bank closed its doors, being insolvent, and was taken in charge by the comptroller of the currency, and the plaintiff in this action was appointed receiver," and the other to the effect that "the court further finds that Franklin P. Hettinger, the plaintiff, was at the commencement of this suit, and is now, the duly appointed, qualified, and acting receiver of said bank." It is sufficient to support the jurisdiction of a federal court that the facts requisite to confer it appear in any part of the record, or are the necessary consequences of the facts stated in the pleadings or the findings of the court. Ward v. Manufacturing Co., 12 U. S. App. 295, 5 C. C. A. 538, and 56 Fed. 437.

It is further contended that the court below had no jurisdiction because the amount in controversy was less than $2,000, exclusive of interest and costs. But it has been repeatedly decided that a receiver appointed by the comptroller of the currency to close up the affairs of an insolvent national bank may sue in the federal court, without regard to his citizenship or the amount in controversy. Price v. Abbott, 17 Fed. 506. The opinion was by Mr. Justice Gray, who cited Platt v. Beach, 2 Ben. 303, Fed. Cas. No. 11,215; Stanton v. Wilkeson, 8 Ben. 357, Fed. Cas. No. 13,299; Kennedy v. Gibson, 8 Wall. 498; Bank v. Kennedy, 17 Wall. 19; U. S. v. Hartwell, 6 Wall. 385. The later cases are Armstrong v. Ettlesohn, 36 Fed. 209; Stephens v. Bernays, 41 Fed. 401, and cases there cited.

While the special findings of facts and declarations of law are somewhat mingled, the special findings of facts are conclusive on the merits of this case. The court below found that the note in suit was sold, assigned, and transferred to the bank by the payee, Little, in the presence of the defendant, who made no objection thereto; that the two notes for $1,000 each, secured by mortgage on real estate, were executed by Little to the defendant, Myers, to secure him against loss on account of the note here sued on, and by reason of his liabilities as stockholder in the bank, growing out of his purchase of the $1,000 of its stock; that the defendant's liability to loss by reason of his being a stockholder in the bank has been fully satisfied with the proceeds of one of the notes, and that at the time defendant filed his answer he was foreclosing a mortgage given to secure the other $1,000 note; that the property mortgaged "is reasonably sufficient to secure the payment" thereof; "that the defendant has failed to allege or prove that he has suffered any damage by reason of the purchase of the bank stock from W. L. Little"; and "that defendant has not in any way been defrauded in the purchase of the bank stock." As we construe the special finding of facts, Little, for the purpose of indemnifying the defendant against loss by reason of the purchase of the bank stock, and to indemnify him for paying the $1,000 note which he executed for the purchase money

of the stock, and which had been transferred to the bank in the presence of the defendant, and apparently with his knowledge and consent, executed his two notes of $1,000 each, secured by a mortgage on real estate; that the purchase of one of these notes has satisfied the defendant's liability as a stockholder; and that he still holds, and is proceeding to foreclose, the mortgage given to secure the remaining note, to meet his liability on the note here in suit. Much is said about the fraudulent means by which defendant was induced to purchase the bank stock, and the damage resulting to him therefrom; but all contention on these subjects is foreclosed by the special findings of the court that the defendant was "not in any way defrauded in the purchase of the bank stock," and "that he has failed to allege or prove that he has suffered any damage by reason of the purchase of the bank stock." This court cannot look into the evidence with a view to determine whether it supports these special findings of fact by the court. In Supreme Lodge v. England (at the present term) 94 Fed. 369, we said:

"It is the settled rule of the supreme court of the United States and of this court that, when a case is tried by a federal court without a jury, the sufficiency of the evidence to sustain its general findings of fact cannot be considered by the appellate court. Hoge v. Magnes, 56 U. S. App. 500, 29 C. C. A. 564, and 85 Fed. 554, and cases there cited. Minchen v. Hart, 36 U. S. App. 534, 18 C. C. A. 570, and 72 Fed. 291. In Lehnen v. Dickson, 148 U. S. 71, 77, 13 Sup. Ct. 481, the supreme court declare with emphasis that: 'The duty of finding the facts is placed upon the trial court. We have no authority to examine the testimony in any case, and from it make a finding of the ultimate facts.'"

It was not set up in the answer, and is not claimed in the brief, that the defendant is not fully indemnified for the payment of the note in suit. It is clear to our minds, from the facts found by the lower court, that the defendant, in consideration of the execution of the two $1,000 notes, and the mortgage to secure the same, was to pay and satisfy the note held by the bank, and here in suit. He now seeks to escape the obligations of that agreement, and to defeat the collection of the note in suit, and at the same time retain the securities given him to pay it. Upon the facts found by the lower court, the judgment was for the right party and for the right amount, and the same is affirmed.