## POOSER et al. v. WESTERN UNION TELEGRAPH CO.

### (Circuit Court, D. South Carolina. May 22, 1905.)

REMOVAL OF CAUSES—FEDERAL JURISDICTION—AMOUNT INVOLVED.

A cause removed from the state court will be remanded on the ground that the amount involved is only $1,900, and therefore not within the jurisdiction of the federal circuit court, though the complaint, in form, states two causes of action, the prayer as to each of which is for a judgment for $1,900; each being for nondelivery of a telegram; the only difference therein being that one is addressed to "Mrs. P.," and the other to "Mr. P."; and it appearing that the complaint, in form, stated two causes of action because plaintiffs' counsel was uncertain, from the chirography, as to which of the two persons the telegram was addressed.

Izlar Bros., for plaintiffs.
Smythe, Lee & Frost, for defendant.

BRAWLEY, District Judge. This is a motion to remand a cause removed from the state court by the defendant company on the ground that the amount involved is only $1,900, and that the Circuit Court of the United States therefore has no jurisdiction of the cause. The complaint states, "as for a first cause of action," the failure of the defendant company to deliver a telegram reading as follows: "Mrs. F. M. Pooser, Blackville, S. C.: Mr. Edwin Curry accidentally shot and dying from wounds. R. C. Adams" —and the prayer is for judgment for the sum of $1,900.00. It alleges, "as for a second cause of action," the nondelivery of a telegram which reads as follows: "Mr. F. M. Pooser, Blackville, S. C.: Mr. J. Erwin Curry accidentally shot and dying from wounds. R. C. Adams." The question is whether the complaint states two

causes of action, each of which is below the jurisdictional amount, but which added together make more than that sum. The same question was presented to Judge Purdy on a motion in the state court, and his conclusion, as stated in writing, is:

"The action is but for one grievance, separately stated in two causes of action. The prayer for relief in the first cause of action is no part of the cause of action, and does not make the case an action for two separate and distinct amounts. There can be but one recovery by the plaintiffs, as the cause of action is for but one grievance, though separately stated."

I concur in this view. The cause of action is the nondelivery of a certain telegram. It is first stated as a telegram addressed to Mrs. F. M. Pooser, and the second so-called cause of action is the nondelivery of the identical telegram alleged to have been addressed to Mr. F. M. Pooser. The reason alleged by the counsel for plaintiffs for stating the causes of action separately is that he was uncertain, from the chirography, whether the telegram was addressed to Mr. or Mrs. Pooser, and, to be on the safe side, he alleged separate causes of action.

The rule in removal cases is that the court can look only to the case stated in the complaint, and its determination is to be governed by what appears upon the face of the pleadings. But it does not seem to me that this rule requires the court to shut its eyes to the reality, and, if it should appear, as it does appear in this case, that the plaintiff has but one cause of action, to wit, the failure to deliver a certain telegram, the jurisdiction of the court cannot be affected by the fact that he has bunglingly alleged two separate causes of action. The prayer for relief is no part of the cause of action, and, although the plaintiffs have asked for two separate sums, of $1,900 each, they cannot, upon the cause of action stated, recover more than $1,900; and, if that is so, this court is without jurisdiction, the amount involved being below the jurisdictional amount. In the case of Armstrong v. Ettlesohn (C. C.) 36 Fed. 209, cited and relied on by defendant, the question arose on a demurrer to a declaration and motion to dismiss. In that case the declaration contained three counts. One was upon a promissory note, one for money had and received, and one for work and labor done. The aggregate of these sums exceeded the sum of $2,000. It was urged in the argument that the only right of action that the plaintiff had was upon the promissory note mentioned in the first count, but the court said:

"Upon the face of this declaration, which we can only look at under this demurrer, there appear to be three causes of action, which, when aggregated, make more than the amount required to give jurisdiction."

In that case there was another ground of jurisdiction, which the court referred to as conclusive of the plaintiff's right to maintain the suit in the United States court, and that was that the plaintiff, being the receiver of a national bank in process of liquidation, had the right to bring the suits in the United States court under the national banking law. I do not consider that this case is controlling in the one now being considered, or that it throws any light upon the question; and being of opinion that there is but one

cause of action, to wit, the failure to deliver but one telegram, and that the damages laid are but $1,900, and that upon such a complaint the plaintiffs could not recover more than $1,900, this court is without jurisdiction, and the cause must be remanded to the state court, and it is so ordered.