## MURRAY v. CHAMBERS.

(Circuit Court, W. D. Pennsylvania. February 5, 1907.)

### No. 49.

1. COURTS—JURISDICTION OF FEDERAL COURTS—ACTION BY RECEIVER OF NATIONAL BANK.

   An action by a receiver of a national bank to recover assets is one by an officer of the United States suing under authority of an act of Congress, within Rev. St. § 629, cl. 3 [U. S. Comp. St. 1901, p. 503], of which a Circuit Court of the United States has jurisdiction without regard to the amount involved or the citizenship of the parties.

2. COSTS—AMOUNT OF RECOVERY—ACTION BY RECEIVER OF NATIONAL BANK.

   An action by a receiver of a national bank to recover assets is not within Rev. St. § 968 [U. S. Comp. St. 1901, p. 702], denying costs to a plaintiff who recovers less than $500.

On Rule to Show Cause Why Judgment Should Not be Entered Without Costs.

George L. Roberts, for the rule.

W. A. Griffith, opposed.

ARCHBALD, District Judge. This is a suit by the receiver of a national bank to recover certain of its assets, in which a verdict was rendered for $59.29, all but a fraction of the amount claimed. The defendant asks to have judgment confined to the sum recovered without costs; but there is no ground for any such restriction. The idea seems to be that the court had no jurisdiction, but that is not the case.

And, if it were so, the court would have to dismiss the case and not simply deny the right to costs. Jurisdiction, however, is clear. A receiver of a national bank is an officer of the government within the meaning of the statutes. Gibson v. Peters, 150 U. S. 342, 14 Sup. Ct. 134, 37 L. Ed. 1104. And, in an action to recover the assets of the bank, he sues under authority of the acts of Congress and the courts of the United States are given express jurisdiction. Rev. St. § 629, cl. 3 [U. S. Comp. St. 1901, p. 503]. This is also without regard to the amount involved or the citizenship of the parties. Armstrong v. Ettlesohn (C. C.) 36 Fed. 209. And it is not affected by Act March 3, 1875, c. 137, 18 Stat. 470, as amended by Act March 3, 1887, c. 373, 24 Stat. 552 [U. S. Comp. St. 1901, p. 503]. Armstrong v. Trautman (C. C.) 36 Fed. 275; McConville v. Gilmour (C. C.) 36 Fed. 277, 1 L. R. A. 498; Guarantee Co. v. Hanway, 104 Fed. 369, 44 C. C. A. 312. This has been too many times decided to have the question raised again; and it is settled for this court, if not otherwise, by Yardley v. Dickson (C. C.) 47 Fed. 835, and Fisher v. Yoder (C. C.) 53 Fed. 565.

Nor is the case within section 968 of the Revised Statutes [U. S. Comp. St. 1901, p. 702], denying costs when less than $500 is recovered; this in terms only applying where jurisdiction depends on the amount in controversy.

The state law on the subject of costs, which seems somehow to be relied on, has nothing to do with the question.

The rule is discharged, and judgment directed to be entered on the verdict, with costs.