PICKERING LAND & TIMBER CO. v. WISBY et al.

(District Court, W. D. Louisiana. July 10, 1917.)

No. 1139.

COURTS ⇐296—FEDERAL COURTS—JURISDICTION—SUIT BY GOVERNMENT CONTRACTOR.

That a domestic corporation was operating its sawmill, in the execution of a contract with the government to manufacture and sell to the government its full output of battleship decking, and had pledged to the government the entire use of its sawmill for the manufacture thereof, did not give a federal District Court jurisdiction of a suit to restrain defendants from intimidating and running off the corporation's laborers, under the statute giving the District Court jurisdiction of suits by the United States, or by any officer thereof, authorized by law to sue, as the suit was not brought by the United States, or by its officers or agents, but by an independent contractor, and moreover the statute does not give jurisdiction of suits by agents of the United States.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 838.]

In Equity. Suit by Pickering Land & Timber Company against William Wisby, Sr., and others for an injunction. On question of jurisdiction. Bill dismissed.

Plaintiff, alleging that defendants had conspired together to intimidate and run off the negro labor employed at its sawmill, filed petition praying for writs of injunction. The plaintiff is a Louisiana corporation, and this court is claimed to have jurisdiction solely on the ground that it was operating its plant in the execution of a contract with the United States government to manufacture and sell to it its full output of battleship decking, and that it pledged to the government the entire use of its sawmill for the manufacture of such lumber and lumber products as might be needed in the prosecution of the war with Germany, that it is therefore operating its mill as an agent of the United States, and that the threatened acts of the defendants, if not enjoined, will prevent its manufacturing and delivering to the United States the lumber thus contracted for.

Alexander & Wilkinson, W. C. Davis, and J. G. Palmer, all of Shreveport, La., for plaintiff.

JACK, District Judge (after stating the facts as above). The District Courts of the United States have jurisdiction in "all suits of a civil nature, at common law or in equity, brought by the United States,

or by any officer thereof authorized by law to sue * * * " (Judicial Code [Act March 3, 1911, c. 231] § 24, 36 Stat. 1091 [Comp. St. 1916, § 991]); but no jurisdiction is conferred on the federal courts in suits by an "agent" of the United States. This suit is brought neither by the United States, nor by an officer thereof, and this court is therefore without jurisdiction.

Counsel cites the case of Western Union Tel. Co. v. City Council of Charleston et al. (C. C.) 56 Fed. 419, in which an injunction was sought against the defendant, enjoining it from enforcing a license tax of $500 per annum. Motion was made to dismiss the bill for want of jurisdiction, the amount of the license being less than $2,000 (the then minimum jurisdictional amount), to which motion plaintiff replied that by reason of its having accepted the provisions of the act of Congress of July 24, 1866 (14 Stat. 221, c. 230 [Comp. St. 1916, §§ 10072–10077]), putting its lines at the service of the United States for postal, military, and other purposes, and giving precedence to its messages over all other business, at rates to be fixed by the Postmaster General, it thereby became an agent of the United States, and as such entitled to come into United States courts, without regard to the amount involved, in all matters affecting its existence as such agent.

The court sustained the jurisdiction on this ground, but further held that jurisdiction might be maintained on other grounds; that the value of the amount in controversy was not merely the amount of the annual license, but the value to the company of the injunction, which was of much more value than the sum immediately demanded, the right to conduct its business being involved and the value of its franchise threatened. The court clearly had jurisdiction on this latter ground, but I think the cases cited by the court do not sustain its jurisdiction on the ground of plaintiff's being a federal agency.

In Yardley v. Dickson (C. C.) 47 Fed. 835, the first case cited, the plaintiff was receiver of a national bank and was held to be an "officer of the United States"; and in the other case, United States v. Shaw (C. C.) 39 Fed. 435, 3 L. R. A. 232, the government itself was plaintiff, suing on a postmaster's bond.

In the case at bar the plaintiff does not claim to be an officer of the United States (it could not, being a corporation), but it is contended that it is an agent of the government. I think it is not an agent, but an independent contractor, which has engaged to sell its output to the government.

This court is without jurisdiction. The restraining orders heretofore issued are recalled, and plaintiff's bill dismissed.